394 So.2d 529 (1981)
William C. ELSWICK, Appellant,
v.
Judy Gale MARTINEZ, Appellee.
No. 80-1044.
District Court of Appeal of Florida, Third District.
February 24, 1981.
Rehearing Denied March 20, 1981.
Robert M. Brake, Coral Gables, for appellant.
Irene Redstone, Miami, Legal Aid Society, for appellee.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
We affirm the orders entered by the trial court pertaining to child support, expert witness fees, travel expenses, and costs incident to birth in a contested paternity suit brought pursuant to Chapter 742, Florida Statutes (1975). The awards, including costs incident to birth awarded to the State of Tennessee, are within the purview of section 742.031:
Same; hearings; court orders, support, hospital expenses, etc.  Hearings for the purpose of establishing or refuting the allegations of the complaint and answer shall be held in the chambers and may be restricted to such persons, in addition to the parties involved and their counsel, as the judge in his discretion may direct. The court shall determine the issues of paternity of the child, and the ability of the parents and each of them to support the child and if the court shall find the defendant to be the father of the child he shall so order and shall further order the defendant to pay the complainant, her guardian or such other person assuming responsibility for the child as the judge may direct, such sum or sums as shall be sufficient to pay reasonable attorney's fee, hospital or medical expenses, cost of confinement and any other expenses incident to the birth of such child. In addition the court shall order the defendant to pay periodically for the support of such child such sums as shall be fixed by the court in accordance with the provisions of this act, and also all taxable costs of the proceedings. Upon request of either party, the issue of the paternity of such child may be tried by jury and the chancellor shall transfer the cause for the determination of such issue.
In addition, we affirm the order awarding legal fees to appellee's attorney *530 with the exception of that portion expressly attributed by the court to legal services in connection with a prior appeal.[1] Appellate legal fees must be sought in the appellate court by appropriate timely motion. Fla.R. App.P. 9.400(b). Since the trial court lacked authority to award appellate fees absent a remand by this court, Travelers Indemnity Co. of America v. Morris, 390 So.2d 464 (Fla. 3d DCA 1980), we order the $1,000 awarded for appellate legal services deleted from the total award.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] The father appealed the trial court's denial of his motion to transfer the cause to Tennessee. We affirmed the trial court's decision in Elswick v. Martinez, 341 So.2d 1095 (Fla. 3d DCA 1976).