444 So.2d 90 (1984)
James Russell HORNSBY, Appellant,
v.
Kathy Diane NEWMAN, Appellee.
No. 83-186.
District Court of Appeal of Florida, Fourth District.
February 1, 1984.
*91 Bruce David Green of Levine & Green, P.A., Fort Lauderdale, for appellant.
Philip Michael Cullen, III, Chartered, Fort Lauderdale, for appellee.
PER CURIAM.
This appeal challenges an award of temporary attorney's fees on the ground that the award lacks a statutory basis. Additionally, appellant contends that the award is objectionable due to a failure of proof. We conclude that the cause of action is within the ambit of sections 742.011-.031, Florida Statutes (1981), which allow attorney's fees. However, we are compelled to reverse for the reasons stated hereafter.
Appellee, Newman, initially filed a petition praying for custody of her son, Russell Hornsby. The petition alleged that the child was born out of wedlock and that appellant was the natural father. The petition sought custody, child support, attorney's fees, and costs. Appellant filed an answer and counterclaim, admitting that he was the child's father and requesting custody.
Approximately a year and one-half later, Newman filed a motion for an allowance of temporary attorney's fees. In due course, two hearings were held at which expert testimony was adduced as to reasonable attorney's fees, based upon the time and effort expended by Newman's counsel. The issue of Newman's entitlement to attorney's fees was to be determined at a later date. However, it appears that no evidence was adduced demonstrating Newman's need and Hornsby's ability to pay. Nevertheless, the trial court determined that Newman was entitled to attorney's fees, and she was awarded a fee of $8,500.
The pleadings reflect that paternity is not a contested issue. The complaint alleged that James Hornsby was the natural father of Russell Hornsby and the answer admitted this allegation. The fact that paternity is uncontested, however, does not remove the suit from the ambit of sections 742.011-.031, Florida Statutes (1981). A "determination of paternity is made only incidentally to enable achievement of the [paternity] statute's purposes." Kendrick v. Everheart, 390 So.2d 53, 56 (Fla. 1980). "The paternity statute was enacted ... to convert the father's moral obligation to provide child support to a legal obligation and in order to relieve the public of the need to provide support for the child." Ibid. Here, the mother's prayer for custody, child support and attorney's fees is predicated on the admitted allegation that appellant is the natural father of Russell Hornsby. Thus, the appellee/mother contends there is a legal obligation upon the appellant/father to provide support. Such allegations fall squarely within the ambit of the paternity statute. For example, section 742.031, Florida Statutes (1981), expressly empowers the trial court to require a party to pay child support, to pay costs for the proceedings and to pay reasonable attorney's fees. Moreover, the court is authorized to determine child custody. Brown v. Bray, 300 So.2d 668 (Fla. 1974). Accordingly, we conclude that this action bears the indicia of a Chapter 742 paternity proceeding and, therefore, is subject to its provisions.
Nonetheless, we are compelled to reverse the award of attorney's fees because the record indicates that the trial court impermissibly compensated appellee's counsel for services rendered during prior appeals. Absent a remand from an appellate court, a trial court lacks authority to award appellate attorney's fees. Elswick v. Martinez, 394 So.2d 529 (Fla. 3d DCA 1981). Furthermore, there is another, perhaps even more glaring deficiency in the record. Appellee/mother failed to establish her need for, and the father's ability to pay a reasonable attorney's fee. Cf. Davis *92 v. Department of Health & Rehabilitative Services, 403 So.2d 584 (Fla. 4th DCA 1981). See generally Cummings v. Cummings, 330 So.2d 134 (Fla. 1976). Accordingly, the order on appeal is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DOWNEY, BERANEK and HURLEY, JJ., concur.