RYDER, Judge.
On January 15, 1980, appellees bought a ten acre parcel of land from appellants by warranty deed. Appellees gave appellants a check for $100,000.00 and a mortgage on the property for $80,000.00. Paragraph 9 of the mortgage provided that the mortgagees agreed to release from the lien of the note and mortgage any of the lots in the proposed subdivision of said lands upon the payment to them of an amount of $2,500.00 for each lot.
After providing some releases, appellants refused to sign additional releases. On July 28, 1983, appellees paid the full remaining balance together with all accrued interest to Flagship Bank as directed in the note. Appellees caused a satisfaction to be sent to appellants. Appellants refused to satisfy the mortgage.
Appellees brought suit against appellants alleging a tender of full payment of the outstanding balance due and owing on the mortgage held by appellants. Appel-lees sought damages for appellants’ failure to execute partial releases for the lots ap-pellees sold. Appellants answered contending that the amount tendered was insufficient to satisfy the unpaid balance due and owing on the mortgage. Appellants counterclaimed alleging that the mortgaged property was a mobile home park and that the contract for sale required expansion of the recreational facilities and shuffleboard courts when fifty individuals resided in the mobile home park and that appellees refused to expand the recreational facilities after appellants asked even though fifty individuals were residing in the mobile home park.
Appellees answered the counterclaim and set forth two affirmative defenses: parol evidence and merger of contract. Appel-lees also alleged that only twenty-six individuals were residing in the mobile home park. Appellees made a motion for summary judgment. The trial court denied the motion on May 1, 1984.
The case was transferred to a different trial court and set for nonjury trial on February 12, 1985. The trial judge found for appellees and awarded appellees their attorney’s fees pursuant to section 57.105, Florida Statutes (1985). At a subsequent hearing, the trial judge determined reasonable fees to be $8,750 and costs of $82.50 for a total of $8,832.50.
Appellants raise two points on appeal. First, they contend that the trial court erred in awarding appellees their attorney’s fees pursuant to section 57.105. Second, they contend that the lower court erred in awarding $8,750.00 plus $82.50 as court costs to the appellees as such award was excessive and not supported by the evidence. Because we find merit in appellants’ first point and reverse the award, we need not reach appellants’ second point on appeal.
As a prerequisite to an award of attorney’s fees under section 57.105, the court must find “a complete absence of a justicia-ble issue of either law or fact raised by the losing party.” Whitten v. Progressive *52 Casualty Insurance Co., 410 So.2d 501, 505 (Fla.1982). Under Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980), “a complete absence of justiciable issue of either law or fact” means “a total or absolute lack of a justiciable issue, which is tantamount to finding that the action is frivolous.”
The existence of a “justiciable issue of law or fact” was affirmatively demonstrated by the trial court’s denial of a motion for summary judgment. City of Deerfield Beach v. Oliver-Hoffman Cory., 396 So.2d 1187 (Fla. 4th DCA 1981); Denes and Denes & Associates v. Heller & Co., 396 So.2d 760 (Fla. 3d DCA 1981). Accordingly, we strike the award of attorney’s fees pursuant to section 57.105.
Affirmed in part; reversed in part.
SCHEB, A.C.J., and LEHAN, J., concur.