PER CURIAM.
The judgment below, which dismissed, for lack of standing, the instant attempt of Mrs. Poyer’s son and alleged potential beneficiary to set aside deeds executed by her, is affirmed. Meyer v. Fogg, 7 Fla. 292 (1857); In re Estate of Yelvington, 280 So.2d 497 (Fla. 1st DCA 1978), cert, denied, 287 So.2d 98 (Fla.1973); Ryan v. Brennan, 1 Mass.App.Ct. 469, 801 N.E.2d 257 (1973).[1]

. We specifically note that this determination is without prejudice to any such proceeding brought by Mrs. Poyer herself, by her guardianship should she be declared incompetent, or by her estate after her death.