553 So.2d 1300 (1989)
John MUCKERMAN, Appellant,
v.
Barbara Diane BURRIS, Appellee.
No. 89-515.
District Court of Appeal of Florida, Third District.
December 12, 1989.
On Motion for Rehearing February 20, 1990.
John Muckerman, in pro per.
Blackwell, Walker, Fascell & Hoehl and Kathleen M. Salyer and Doug Stein, Miami, for appellee.
Before BASKIN, FERGUSON and JORGENSON, JJ.
BASKIN, Judge.
John Muckerman appeals a judgment entered pursuant to section 57.105, Florida Statutes (1987), requiring him to pay attorney's fees. We reverse.
Muckerman served as Thomas Poyer's attorney in an action Poyer filed against Jack Burris and others to set aside certain deeds conveying real property. Burris filed a motion to dismiss on the ground that Poyer lacked standing. The trial court granted the motion and dismissed the complaint. With the court's permission, Muckerman filed several amended complaints. Eventually, the trial court dismissed the fourth amended complaint with prejudice. This court affirmed the dismissal. Poyer v. Burris, 533 So.2d 888 (Fla. 3d DCA 1988). When Burris sought attorney's fees pursuant to section 57.105, Florida Statutes (1987), the trial court awarded separate fees against Muckerman and Poyer. *1301 Muckerman filed this appeal.[1]
Section 57.105, Florida Statutes (1987), provides that a court shall award attorney's fees to the prevailing party in any civil action in which it finds that there was a complete absence of a justiciable issue of law or fact. Before awarding attorney's fees under section 57.105, a court must find that there is "a total or absolute lack of a justiciable issue, which is tantamount to a finding that the action is frivolous ... [and] so clearly devoid of merit both on the facts and the law as to be completely untenable." Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501, 505 (Fla. 1982); Muckenfuss v. Deltona Corp., 508 So.2d 340, 341 (Fla. 1987); Bay View Inn, Inc. v. Friedman, 545 So.2d 417, 418 (Fla. 3d DCA 1989); City of Miami Beach v. Town of Bay Harbor Islands, 380 So.2d 1112 (Fla. 3d DCA 1980); Xerox Corp. v. Sharifi, 502 So.2d 1003 (Fla. 5th DCA 1987); Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980), review denied, 392 So.2d 1373 (Fla. 1980); accord Tiedeman v. City of Miami, 529 So.2d 1266 (Fla. 3d DCA 1988). "Merely losing, either on the pleadings or by summary judgment, is not enough to invoke the operation of the statute." Whitten, 410 So.2d at 506; see Strothman v. Henderson Mental Health Center, Inc., 425 So.2d 1185 (Fla. 4th DCA 1983).
The record before us does not support the trial court's finding that there was a complete absence of a justiciable issue. Applicable to the circumstances of this case is the principle that when a party engages in a good faith, soundly based, nonfrivolous, but unsuccessful, attempt to change an existing rule of law, attorney's fees under section 57.105 are inappropriate. Parkway General Hosp., Inc. v. Stern, 400 So.2d 166 (Fla. 3d DCA 1981), disapproved on other grounds, Shands Teaching Hosp. & Clinics, Inc. v. Smith, 497 So.2d 644 (Fla. 1986); T.I.E. Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697 (Fla. 3d DCA 1980); Jones v. Charles, 518 So.2d 445 (Fla. 4th DCA 1988); Russell v. State, 417 So.2d 1119, 1121 (Fla. 5th DCA 1988). We therefore reverse the final judgment awarding attorney's fees.
Reversed.
JORGENSON, J., concurs.
FERGUSON, Judge (concurring).
There is no suggestion that the initial complaint was frivolous. Indeed, the plaintiff's theory was supported by authority from at least one other jurisdiction.[1] Appellee's position is that the section 57.105 fee award should be upheld because the efforts of the plaintiff's attorney to state a cause of action proved futile, notwithstanding that the amended complaints were filed with the trial court's invitation.
In all likelihood the fee award, as a penalty, would not have been imposed if the judge who had granted the leaves to file amended complaints, and who had denied prior motions of the defendants for fees, had been present to rule on the renewed motions for fees from which this appeal stems.[2] My view of the case is that the merits were established by the original *1302 complaint. If a justiciable issue existed initially, it did not evaporate with the courtapproved filing of amended complaints.
Before BASKIN, FERGUSON and JORGENSON, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of appellee's Motion for Rehearing of this court's December 29, 1989, order granting appellant's motion for attorney's fees, we grant rehearing, vacate the order of December 29, 1989, and deny appellant's motion for appellate attorney's fees.
NOTES
[1] Poyer is not a party to this appeal.
[1] Attorney Muckerman, the appellant, filed a complaint on behalf of his client, Poyer, seeking to cancel inter vivos conveyances of real estate from Poyer's mother, to her attorney and a non-relative friend, on grounds of undue influence and breach of fiduciary duty. The trial court granted the defendants'/grantees' motions to dismiss on grounds that Poyer failed to allege standing to challenge the conveyances. In defending against the motion to dismiss, Poyer relied on a Missouri Supreme Court case, Cull v. Pfeifer, 307 S.W.2d 424 (Mo. 1957), which affirmed a trial judge's cancellation of deeds on similar facts.
[2] Judge Klein dismissed Poyer's original complaint and petition for rehearing on grounds of lack of standing, but granted leave to amend. He also dismissed the first, second, and third amended complaints, all with leave to amend. The defendants' motions for attorney's fees were all denied. Judge Klein, obviously of the view that the equities were with Poyer, notwithstanding the state of the law, encouraged Muckerman to amend the complaint and to take an appeal, so that this court might re-examine and modify the law. Judge Silver, sitting for Judge Klein, awarded fees to the defendant, Barbara Burris. Judge Jaffe, also substituting for Judge Klein, then dismissed the fourth amended complaint with prejudice.

We affirmed the dismissal on the merits, Poyer v. Burris, 533 So.2d 888 (Fla. 3d DCA 1988), with a specific note that the determination was without prejudice to Mrs. Poyer, her guardianship, or her estate after her death, but denied Burris' motion for appellate fees pursuant to section 57.105. Undaunted by our implicit ruling that Poyer's case was not frivolous, Burris reapplied to the trial court for fees  this time against Muckerman. The order granting that motion is the subject of this appeal.