578 So.2d 739 (1991)
Leslie Alan SCHERE, Trustee, and Arkad Financial Corp., a Florida Corporation, Appellants,
v.
Z.F., INC., a Florida Corporation, et al., Appellees.
Nos. 90-1414, 90-1412.
District Court of Appeal of Florida, Third District.
March 12, 1991.
Rehearing Denied May 22, 1991.
Bentata Hoet & Associates, Zamora, Segall, Lacasa & Schere, Miami, for appellants.
Nathaniel L. Barone, Jr., Coral Gables, for appellees.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
BASKIN, Judge.
In consolidated appeals, Arkad Financial Corporation and Leslie Alan Schere seek to overturn orders denying their motions for attorney's fees and costs. We reverse in part and affirm in part.
*740 Z.F., Inc., owned a restaurant and the lot on which it was located. The property was encumbered by three mortgages: a first mortgage held by Jefferson National Bank, later assigned to Schere, as trustee; a second mortgage held by Ramon Compte and Marta Unhjem, assigned to Arkad; and a third mortgage held by Gerald Tobin.[1]
Arkad sued to foreclose on its mortgage, naming Z.F. and Tobin as defendants. The trial court entered a final judgment of foreclosure. Tobin appealed the judgment. This court affirmed the foreclosure, Tobin v. Compte, 553 So.2d 1180 (Fla. 3d DCA 1989), and denied a motion for attorney's fees. Z.F. did not participate in the appeal.
Arkad subsequently filed a motion for attorney's fees in the trial court. The trial court granted the motion. When Arkad filed motions requesting additional attorney's fees incurred at trial, fees for defending the judgment on appeal, and costs, the trial court denied the motions. Arkad filed an appeal.
Schere also instituted foreclosure proceedings against Z.F. and Tobin. Tobin moved to dismiss the action, but the trial court denied the motion; Tobin appealed. Z.F. did not participate in the appeal. This court affirmed, Tobin v. Schere, 546 So.2d 796 (Fla. 3d DCA 1989), and again denied a motion for attorney's fees. Thereafter, Schere filed a notice of voluntary dismissal with prejudice, terminating his foreclosure action. Schere subsequently sought costs and attorney's fees for his services before the trial court and for defending the appeal. The trial court denied the motion, and Schere instituted an appeal. The appeals have been consolidated.
Arkad correctly asserts that it is entitled to additional attorney's fees and costs incurred at the trial level. In the final judgment of foreclosure, the trial court expressly reserved jurisdiction to award attorney's fees and provided for reimbursement of subsequent costs. See Patin v. Popino, 459 So.2d 435 (Fla. 3d DCA 1984). The payment of monies under the judgment of foreclosure does not divest the court of jurisdiction. Canakaris v. Hammond, 455 So.2d 486 (Fla. 5th DCA 1984). Accordingly, we reverse the order denying Arkad's motion for trial fees and costs remand for further consideration.
Addressing Schere's appeal, we affirm the order denying his motion for attorney's fees and costs. Schere's voluntary dismissal of his foreclosure action terminated the trial court's jurisdiction. Randle-Eastern Ambulance Serv., Inc. v. Vasta, 360 So.2d 68 (Fla. 1978), clarified by Miller v. Fortune Ins. Co., 484 So.2d 1221 (Fla. 1986) (while voluntary dismissal removes cause completely from court's consideration, court can still review motions to correct errors under rule 1.540, Florida Rules of Civil Procedure); Gonzalez v. Turner, 427 So.2d 1123 (Fla. 3d DCA 1983). Thus, the trial court properly denied the motion for fees and costs.
As to the remaining issue, we conclude that the trial court's denial of Arkad's and Schere's motions for appellate attorney's fees must also be affirmed. The trial court correctly determined that absent a mandate from this court awarding appellate fees, it is without authority to grant them. Hornsby v. Newman, 444 So.2d 90 (Fla. 4th DCA 1984); Elswick v. Martinez, 394 So.2d 529 (Fla. 3d DCA 1981).
Reversed in part and remanded, affirmed in part.
NOTES
[1] Tobin, Compte and Unhjem are not parties to this appeal.