PER CURIAM.
We affirm the order denying the mterve-nors’ motion for attorney’s fees pursuant to section 57.105, Florida Statutes (1991). The record does not reveal “a complete absence of a justiciable issue of either law or fact raised by the losing party[,]” or that “the attempt to create a controversy [wa]s frivolous.” Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501, 505 (Fla.1982); Atlantic Nat’l Bank v. Tworoger, 448 So.2d 616 (Fla. 3d DCA 1984); Fireman’s Fund Ins. Co. v. Rojas, 409 So.2d 1166 (Fla. 3d DCA 1982). Compare Puder v. Raymond Int’l Builders, Inc., 424 So.2d 78 (Fla. 3d DCA 1982) (§ 57.105 fee award appropriate where litigant brought claim solely for tactical purposes and claim was not valid, not substantiated by any legal *403 relationship between parties, and was voluntarily dismissed when litigant could present no evidence to support claim), review denied, 434 So.2d 888 (Fla.1983). Thus, the trial court properly denied the motion for attorney’s fees.
Affirmed.