638 So.2d 998 (1994)
FAIRVIEW PROPERTIES, INC., a Virginia corporation qualified to do business in the State of Florida as Fairview South, Inc., Appellant,
v.
PATE CONSTRUCTION COMPANY, INC., a Florida corporation, Appellee.
No. 93-1264.
District Court of Appeal of Florida, Fourth District.
June 15, 1994.
*999 James L.S. Bowdish of Crary, Buchanan, Bowdish, Bovie, Lord, Roby & Evans, Chartered, Stuart, and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for appellant.
Marc B. Cohen of Grazi, Gianino & Cohen, P.A., Stuart, for appellee.
POLEN, Judge.
Fairview Properties appeals the denial of its motion for attorney's fees pursuant to section 57.105, Florida Statutes (1993). We affirm the denial of attorney's fees, as we do not find that Pate Construction's action was completely devoid of justiciable issues of law or fact.
The action at bar arose when Pate Construction filed a complaint against Fairview Properties and Hoon & White Architects, alleging breach of contract, negligent misrepresentation, quantum meruit, unjust enrichment, defamation, conspiracy to defame, civil conspiracy and promissory estoppel. This multi-count complaint arose out of the failure to accept Pate's bid in accordance with the following bid instructions, even though Pate was the lowest bidder:
Owner intends to award construction to the lowest responsible bidder qualified by experience and who possesses adequate plant, equipment, and supervisory personnel to complete the contract, and who is financially secure.
....
Owner reserves right to reject any and all bids for whatever reason he may deem necessary for his best interest, and to waive any and all formalities in regard to acceptance or rejection of any bid.
At trial, the court granted Fairview and Hoon's motion for judgment on the pleadings on quantum meruit, and a directed verdict in favor of Fairview and Hoon on the promissory estoppel count. The remaining counts were submitted to the jury, which found in favor of both defendants on the unjust enrichment count but awarded damages against Fairview and Hoon on the rest. On October 31, 1989, both parties argued Fairview's renewed motion for directed verdict and motion for new trial, which was granted in part and denied in part. On appeal, this court reversed, holding that the trial court should have granted judgment on the pleadings or a directed verdict on all the counts resulting in an award of damages. Hoon v. Pate Construction, Inc., 607 So.2d 423 (Fla. 4th DCA 1992) rev. denied, 618 So.2d 210 (Fla. 1993). After the issuance of this court's mandate, Fairview filed a motion for attorney's fees in the trial court pursuant to section 57.105(1), Florida Statutes (1991), alleging that Pate's action was "frivolous" because all the allegations in Pate's third amended complaint arose out of the owner's rejection of the bid, and the bidding instructions specifically allowed the owner to reject the bid for any reason. It is the denial of these fees that we presently affirm.
In spite of this court's opinion in Hoon v. Pate, 607 So.2d at 423, in which we held that Fairview and Hoon & White's motions for judgment on the pleadings and directed verdict should have been granted on each count in which damages were awarded, it does not necessarily follow that Fairview is entitled to attorneys' fees under section 57.105. This section provides in pertinent part:
57.105. Attorney's fee
(1) The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of justiciable issue of either law or fact, raised by the complaint or defense of the losing party; provided however, that the losing party's attorney is not personally responsible if he has acted in good faith, based upon the representation of his client.
(Emphasis added.) In Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501, 505 (Fla. 1982), the supreme court recognized *1000 that in spite of the purpose of 57.105, to discourage baseless claims by putting a price tag on them, the statute cannot be extended to every case, and every unsuccessful litigant. Not every party that prevails in a motion for summary judgment, motion to dismiss for failure to state a cause of action, judgment on the pleadings, evidentiary hearing or trial, is automatically entitled to attorney's fees under 57.105. Id. at 505-506. See also Kahn for Use and Benefit of Amica Mutual Insurance Co. v. Kahn, 630 So.2d 223 (Fla. 3rd DCA 1994) (in which the third district recognized that where the trial court found that there was a sufficient justiciable issue to survive summary judgment, "we do not see how it can be said that there was a complete absence of a justiciable issue"); Jones v. Soldavini & Gualario, 616 So.2d 1048 (Fla. 2nd DCA 1993) (holding that dismissal of a claim with prejudice did not warrant assessment of attorney's fees); Strothman v. Henderson Mental Health Center, Inc., 425 So.2d 1185 (Fla. 4th DCA 1983) (the mere failure of a party to state a cause of action in its original or amended pleadings is not sufficient in and of itself to support a finding that a party's claim was so lacking in merit as to impose sanctions under 57.105).
The cited opinions clearly support the denial of section 57.105 attorney's fees at bar as only two counts of Pate's complaint were dismissed on a directed verdict, and Pate actually prevailed in trial on several of these counts. Pate was not the losing party until it did not prevail on an appeal to this court. Further, this court did not specifically discount Pate's claims as frivolous; rather writing a lengthy opinion addressing whether a directed verdict or judgment on the pleadings should have been granted as to each count of the complaint.
Pate also relied on several cases which suggest that bids cannot be rejected in an arbitrary and capricious manner, and the decision as to which bid to accept cannot be exercised fraudulently, arbitrarily, illegally, or dishonestly. These cases include Aurora Pump, etc. v. Goulds Pumps, Inc., 424 So.2d 70 (Fla. 1st DCA 1982), Capeletti Brothers v. State Dept. of Gen. Ser., 432 So.2d 1359 (Fla. 1st DCA 1983), and Dept. of Transportation v. Groves-Watkins Constructors, 530 So.2d 912 (Fla. 1988). Even though these cases involved public projects, they were sufficient for Pate to rely on, especially as to the determination that Pate's action was not frivolous. In addition, as Pate points out, many of the allegations in the complaint were tortious in nature, dealing more with the method in which the bidding procedure was conducted and the manner in which Pate was rejected, again supporting the conclusion that there was at least "arguable" substance to Pate's action.
It should further be acknowledged that even a good faith attempt to change the law does not render an action frivolous. See Muckerman v. Burris, 553 So.2d 1300 (Fla. 3rd DCA 1989), rev. denied 567 So.2d 435 (Fla. 1990) (holding that it was wrong to assess attorney's fees against an attorney for the unsuccessful plaintiff where the plaintiff was engaged in a good faith, soundly based, non-frivolous but unsuccessful attempt to change an existing law). At the very least, it appears that Pate was engaged in a good faith attempt to establish that the manner in which its bid was rejected was unlawful, in spite of the language in the bid form stating that a bid could be rejected for any reason, especially in light of fact that there was evidence in the record of possible misrepresentation on the part of Hoon in its communications to Fairview as to what transpired as part of the bid procedures.[1] Thus, in light of the rule previously announced by this court in Stevenson v. Rutherford, 440 So.2d 28 (Fla. 4th DCA 1983), that the purpose of section 57.105 is to discourage baseless claims by attaching a cost to their pursuit, and not to cast a chilling effect on the use of *1001 the courts, we affirm the lower court's denial of fees under section 57.105. An award of fees, especially against a party who prevailed in a jury trial, would have nothing less than the chilling effect on the litigant's right to use the courts, which this court warned against in Stevenson.
GUNTHER and WARNER, JJ., concur.
NOTES
[1] It should be noted that Pate concedes that what it proved at trial was somewhat different than the allegations in the complaint. However, various of the allegations in the complaint standing alone have arguable substance. In addition, as Pate points out there were no objections to the new arguments that developed at trial, resulting in their being tried by consent. See Twenty-Four Collection v. M. Weinbaum Const., 427 So.2d 1110 (Fla. 3rd DCA 1983) (where a matter is tried by consent it is to be treated in all respects as if those matters are raised by the pleadings without a motion to amend the pleadings to conform to the evidence).