PER CURIAM.
Arthur Resnick appeals from an order awarding County Line Auto Center, Inc. attorney’s fees pursuant to section 57.105, Florida Statutes (1993). For the following reasons, we reverse.
Resnick sued County Line for negligence, alleging that the auto dealer had painted its curb the same color as its walkway tile, creating a trap and an optical illusion that no “step down” existed, and that the negligent design had caused him to suffer permanent injuries. The trial court denied County Line’s motion to dismiss, but later granted County Line’s motion for summary judgment. This court affirmed. Resnick v. County Line Auto Center Inc., 619 So.2d 510 (Fla. 3d DCA 1993).
There was no basis in this case for an award of fees pursuant to section 57.105. Although the defendant ultimately prevailed, “we cannot say that the facts demonstrate a total lack of a justiciable issue at the time suit was filed which would support a finding that the action was frivolous.” Mitchell v. Schindler Haughton Elevator Co., 587 So.2d 636 (Fla. 3d DCA 1991). The standard of frivolousness necessary to support an award of fees pursuant to section 57.105 “is not equivalent to the standard required to prevail on a- summary judgment, judgment on the pleadings, or even a motion to dismiss for failure to state a cause of action.” Rojas v. Drake, 569 So.2d 859, 860 (Fla. 2d DCA 1990) (emphasis in original; citations omitted). Defendant’s success on summary judgment on this record does not demonstrate that “the action was so clearly devoid of merit both on the facts and the law as to be completely untenable.” Muckenfuss v. Deltona Corp., 508 So.2d 340, 341 (Fla.1987).
REVERSED.