655 So.2d 177 (1995)
CARNIVAL LEISURE INDUSTRIES LTD., Appellant/Cross-Appellee,
v.
Harold ARVIV, Appellee/Cross-Appellant.
Nos. 94-1079, 94-551.
District Court of Appeal of Florida, Third District.
May 17, 1995.
*179 Blackwell & Walker and James E. Tribble and Stephen G. York, Miami, for appellant/cross-appellee.
Roth, Zipkin, Cove & Roth and Sheldon Zipkin, North Miami Beach, for appellee/cross-appellant.
Before BASKIN, COPE and GREEN, JJ.
COPE, Judge.
Carnival Leisure Industries, Ltd., appeals an order awarding attorney's fees pursuant to contract. Appellee Harold Arviv has cross-appealed the denial of attorney's fees under subsection 57.105(1), Florida Statutes (1993). We reverse as to the appeal and affirm as to the cross-appeal.

I
Carnival is the owner of Crystal Palace Resort & Casino in the Bahamas. In 1991 Arviv was a customer of the casino. He received $35,000 credit from Carnival for purposes of gambling at the casino. Arviv has not repaid the loan.
In December, 1991 Carnival brought suit to recover the sums unpaid. Arviv defended on the ground that the credit agreement was an unenforceable gambling debt by virtue of section 849.26, Florida Statutes (1993).
Thereafter, Carnival filed suit against another debtor, Phil C. Froug, to collect on a similar Crystal Palace gambling debt.[1] In the Froug case the circuit court ruled that section 849.26, Florida Statutes, did not bar the collection of the gambling debt. See Froug v. Carnival Leisure Indus., Ltd., 627 So.2d 538 (Fla. 3d DCA 1993). The court entered judgment in favor of Carnival, and Froug appealed.
Meanwhile, Carnival's suit against Arviv remained pending. Because the interpretation of section 849.26 was the dispositive issue in both cases, the trial court stayed the Arviv case pending a decision of the Froug appeal.
In 1993 this court announced its decision in Froug. This court concluded that, notwithstanding Florida's change in public policy with respect to a statewide lottery, section 849.26 continued to bar enforcement of a legally incurred casino gambling debt. 627 So.2d at 539; see also Carnival Leisure Indus., Ltd. v. Herman, 629 So.2d 882 (Fla. 4th DCA 1993).
Arviv then moved for summary judgment, asserting that the Froug decision was dispositive of the case. He also moved for attorney's fees under subsections 57.105(1) and 57.105(2), Florida Statutes (1993).[2] Carnival filed a notice of voluntary dismissal of the lawsuit, which rendered Arviv's motion for summary judgment moot.
Thereafter, the trial court conducted a hearing on Arviv's motion for attorney's fees. Arviv argued that Carnival's action was frivolous and that attorney's fees should be awarded under subsection 57.105(1), Florida Statutes. The trial court denied that request.
Arviv argued alternatively that he was entitled to attorney's fees because of the credit agreement between Carnival and himself. The credit agreement provided that the borrower would "pay all costs of collection, including but not limited to, a reasonable attorney's fee." Arviv argued that by virtue of subsection 57.105(2), Florida Statutes, he enjoyed a reciprocal right to attorney's fees as the prevailing party. The trial court agreed and awarded an attorney's fee to Arviv.
*180 Carnival has appealed the award of attorney's fees arising out of the contract. Arviv has cross-appealed the denial of attorney's fees under subsection 57.105(1).

II
The attorney's fee hearing in this case occurred after Carnival had voluntarily dismissed its complaint. Carnival contends that the voluntary dismissal deprived the court of jurisdiction to consider the request for attorney's fees under the credit agreement between the parties. We disagree. The credit agreement in this case stated:
I/we, the undersigned, agree(s) that in the event this extension of credit need be placed with an attorney or agency, I/we will pay all costs of collection, including but not limited to, a reasonable attorney's fee....
Thus, this particular credit agreement describes attorney's fees as being "costs." Under subsection 57.105(2), Florida Statutes (1993):
If a contract contains a provision allowing attorney's fees to a party when he is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.
In Wilson v. Rose Printing Co., 624 So.2d 257 (Fla. 1993), the Florida Supreme Court stated:
Rule 1.420(d) is unambiguous  costs are to be assessed in the action that is the subject of the voluntary dismissal:
Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this state commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
Fla.R.Civ.P. 1.420(d). Where a nondismissing party seeks costs under this rule, a court is without authority to defer assessment pending disposition of a subsequent action... .
Further, this Court has consistently held that where a statute or agreement of the parties provides that the term "costs" includes attorneys' fees such fees are taxable under rule 1.420(d).
Id. at 258 (citations omitted). Consequently, the trial court had jurisdiction by virtue of Rule 1.420 to consider the claim for attorney's fees arising out of the contract between the parties.
Carnival relies on this court's decision in Schere v. Z.F., Inc., 578 So.2d 739 (Fla. 3d DCA 1991). Reliance on that case is misplaced. There, the plaintiff, Schere, was the dismissing party. After dismissing, plaintiff moved for attorney's fees and costs. This court concluded that the plaintiff's voluntary dismissal terminated the trial court's jurisdiction to enter an award in favor of Schere as the dismissing plaintiff. 578 So.2d at 740. As Wilson v. Rose Printing Co. points out, Rule 1.420(d) provides for an award of costs to the non-dismissing party. 624 So.2d at 258. Under the explicit terms of Rule 1.420(d) and Wilson, the trial court in this case had jurisdiction to entertain the application for attorney's fees by Arviv, the nondismissing party.
On the merits, however, we are compelled to reverse the attorney's fee award. Section 849.26, Florida Statutes (1993) provides, insofar as pertinent here, that "[a]ll promises, agreements, ... or other contracts ... for the repayment of money lent ... for the purpose of being ... wagered, are void and of no effect... ." (Emphasis added). It is this statute which prevents Carnival from collecting the gambling debt from Arviv. Because the statute declares any such agreement "void and of no effect," the statute invalidates the nonseverable provision for attorney's fees. See § 849.26, Fla. Stat. (1993); Blosser v. AADCO Enterprises, Inc., 526 So.2d 126, 127 (Fla. 5th DCA 1988); see also Schaal v. Race, 135 So.2d 252, 257 (Fla. 2d DCA 1961). The attorney's fee award is therefore reversed.

*181 III
Arviv has cross-appealed the trial court's denial of attorney's fees under subsection 57.105(1), Florida Statutes (1993). Arviv contends that in view of the existence of section 849.26, Florida Statutes, and earlier case law, it was frivolous for Carnival to have filed this action. Arviv contends that the trial court erred by denying his claim for attorney's fees on this ground.
Section 57.105 fees will not be awarded unless the court finds "`a total or absolute lack of a justiciable issue, which is tantamount to a finding that the action is frivolous ... and so clearly devoid of merit both on the facts and the law as to be completely untenable.'" Muckenfuss v. Deltona Corp., 508 So.2d 340, 341 (Fla. 1987) (citation omitted). "Merely losing, either on the pleadings or by summary judgment, is not enough to invoke the operation of the statute." Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501, 506 (Fla. 1982), receded from in part on other grounds, Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). The claims must be "frivolous or entirely devoid of even arguable substance." 410 So.2d at 506. "The purpose of section 57.105 is to discourage baseless claims, stonewall defenses, and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities." Id. at 505; see also Thornber v. City of Fort Walton Beach, 568 So.2d 914, 919-20 (Fla. 1990). Indeed, since 1986 the statute has provided, with an exception not applicable here, that an assessment of attorney's fees under subsection 57.105(1) will be paid "in equal amounts by the losing party and the losing party's attorney... ." § 57.105(1), Fla. Stat. (1993); Ch. 86-160, § 61, at 756, Laws of Fla.
"Applicable to the circumstances of this case is the principle that when a party engages in a good faith, soundly based, nonfrivolous, but unsuccessful, attempt to change an existing rule of law, attorney's fees under section 57.105 are inappropriate." Muckerman v. Burris, 553 So.2d 1300, 1301 (Fla. 3d DCA 1989), review denied, 567 So.2d 435 (Fla. 1990); see also Fairview Properties, Inc. v. Pate Constr. Co., 638 So.2d 998, 1000-01 (Fla. 4th DCA 1994); cf. R. Regulating Fla. Bar 4-3.1 ("A lawyer shall not bring ... a proceeding ... unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law.").
The question, then, is whether Carnival's claims were, as Whitten put it, "frivolous or entirely devoid of even arguable substance." 410 So.2d at 506. In this case, and in the Froug case, Carnival argued that Florida public policy had changed as a result of the adoption of the statewide lottery. See Froug, 627 So.2d at 539. Carnival pointed out that section 849.26, Florida Statutes, has an exception which provides "that this act shall not apply to wagering on pari-mutuels or any gambling transaction expressly authorized by law." (emphasis added). Carnival argued that it is a Bahamian corporation operating a casino in the Bahamas, and that the casino indebtedness is explicitly authorized by Bahamian law.
In the Froug case the circuit judge found these arguments persuasive and entered judgment in favor of Carnival. Where a sitting circuit judge rules in favor of a litigant on a point of law, obviously the point has "arguable substance" within the meaning of Whitten. See 410 So.2d at 506.
The Fourth District has stated:
[W]here a party wins a judgment or ruling in the lower tribunal and it is appealed, and where that party is unsuccessful on appeal, the appellate court could not award section 57.105 fees to the successful appellant. That is because, as a matter of law, the appellee's position contained a justiciable issue of law or fact. The judgment of the trial court carries with it a presumption of correctness.
Coral Springs Roofing Co. v. Campagna, 528 So.2d 557, 558 (Fla. 4th DCA 1988) (citation omitted); cf. Fairview Properties, Inc. v. Pate Constr. Co., 638 So.2d at 1000 (Denial of attorney's fees pursuant to section 57.105 was correct where plaintiff "was not the losing party until it did not prevail on ... appeal."); Kahn f/u/b/o Amica Mutual Ins. Co. v. Kahn, 630 So.2d 223, 224 (Fla. 3d DCA 1994) ("Where the trial court found that *182 there was a sufficient justiciable issue created to survive summary judgment, we do not see how it can be said that there was a complete absence of a justiciable issue in the case."); First v. Carver, 504 So.2d 50, 52 (Fla.2d DCA 1987) ("[E]xistence of a `justiciable issue of law or fact' was affirmatively demonstrated by the trial court's denial of a motion for summary judgment.").
The same logic applies here. The identical legal issue was presented in the instant case and the Froug case, both of which were pending before different circuit judges below. The fact that the circuit judge in the Froug case accepted Carnival's legal analysis and entered judgment in favor of Carnival on the merits necessarily means that Carnival's position on the legal issue had arguable substance and was not frivolous.
We entirely agree with the trial court's ruling in this case denying attorney's fees to Arviv under subsection 57.105(1), Florida Statutes.

IV
For the reasons stated, the attorney's fee judgment entered under subsection 57.105(2), Florida Statutes, is reversed and the cause remanded with directions to enter judgment in favor of Carnival. The order denying attorney's fees under subsection 57.105(1), Florida Statutes, is affirmed.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] The Arviv and Froug cases were assigned to different circuit judges.
[2] Arviv had previously asserted a demand for attorney's fees under section 57.105 in his answer.