STEVENSON, Judge.
Ron Cochran, Sheriff of Broward County, appeals an order awarding Liza Perruso $3,375.00 in appellate attorney’s fees. We reverse, finding that Ms. Perruso failed to comply with the requirements of Florida Rule of Appellate Procedure 9.400.
In April of 1993, the Broward County Sheriffs Office seized $4,939.00 from Ms. Perruso. Shortly thereafter, a probable cause hearing was held to determine the validity of the seizure. The trial court found insufficient cause and Mr. Cochran appealed. The trial court’s decision was affirmed in In re Forfeiture of $1,939.00, 641 So.2d 973 (Fla. 4th DCA 1994). Without filing a motion for appellate attorney’s fees with this court in accordance with rule 9.400, Ms. Perruso filed a motion for appellate attorney’s fees with the trial court. After a hearing, the trial court awarded her $3,375.00 in appellate attorney’s fees. Mr. Cochran now appeals that award.
We are compelled to reverse the award because the record indicates the trial court impermissibly compensated Ms. Perruso’s attorney for services rendered during the prior appeal. Florida Rule of Appellate Procedure 9.400 requires that attorney’s fees for preparation of an appeal be requested- in the appellate court, and may be taxed by the trial court only after issuance of a mandate from the appellate court. Gieseke v. Gieseke, 499 So.2d 839 (Fla. 4th DCA 1986). Absent such a mandate, the trial court lacks-authority to award appellate attorney’s fees. Hornsby v. Newman, 444 So.2d 90, 91 (Fla. 4th DCA *495 1984), citing Elswick v. Martinez, 394 So.2d 529 (Fla. 3d DCA 1981). The record reveals Ms. Perruso failed to file a motion for appellate attorney’s fees with this court during the pendency of the prior appeal.
REVERSED.
STONE and FARMER, JJ., concur.