STEVENSON, Judge.
This is an appeal from a final order granting attorney’s fees under section 57.105, Florida Statutes (1993). We reverse the award of fees because the record before this court and in the trial court below fails to support a finding that appellants’ lawsuit was so frivolous and devoid of merit both on the facts and the law as to be completely untenable.
Appellants, taxpayers in the Town of Golf-view, filed a lawsuit challenging the methods and procedures utilized by the Town Council in contracting with a law firm to defend the Town in a lawsuit. Appellant’s suit for declaratory relief challenged the validity of the contract and the Town’s actions and alleged, among other things, that: (1) the contract was not accompanied by a budgetary appropriation (or designated source of payment) as required by section 166.241(3), Florida Statutes; (2) the contract, which was open-ended in nature, would be in excess of the revenues received by the Town in fiscal year 1992/1993 in violation of section 166.241, Florida Statutes; and (3) the contract met the definition of a bond and would subject the citizens of Golfview to improper ad valorem taxation. Appellant’s lawsuit never went to trial because the trial court declared the action moot after the Town approved a new contract with the law firm which addressed some of the very same alleged improprieties raised in the complaint.
While we find appellants’ claim that the indebtedness met the definition of a bond to be legally far-fetched, the other claims and challenges raised issues which were not so frivolous and completely untenable that appellants’ and their attorney should be punished for pursuing the action. We reiterate that an award of attorney’s fees under section 57.105 is only proper where the entire action is so clearly lacking in merit and entirely devoid of even arguable substance as to be completely untenable. See Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla.1987).
Our opinion joins a long line of other recent appellate court decisions in- Florida which have reversed awards of attorney’s fees under 57.105 and found that the difficult requirement of showing the complete absence of a justiciable issue simply had not been met. See, e.g., Carnival Leisure Indus. Ltd. v. Arviv, 655 So.2d 177 (Fla. 3d DCA 1995); Carnival Leisure Indus. Ltd. v. Holzman, 660 So.2d 410 (Fla. 4th DCA 1995); Huie v. Dent & Cook, P.A., 635 So.2d 111 (Fla. 2d DCA 1994); Fairview Properties v. Pate Constr. Co., Inc., 638 So.2d 998 (Fla. 4th DCA 1994); Resnick v. County Line Auto Ctr., Inc., 639 So.2d 1091 (Fla. 3d DCA 1994); Wiggins v. Southern Management Corp., 629 So.2d 1022 (Fla. 4th DCA 1993); Cossio v. World Sav. and Loan Assn., 619 So.2d 402 (Fla. 3d DCA 1993). But we also hasten to warn both litigants and lawyers who would advance frivolous claims that no solace may be taken in the preceding litany of cases because there is no reluctance whatsoever by this court in approving, or even sua sponte imposing attorney’s fee awards under section 57.105 in appropriate cases. See Brahmbhatt v. Allstate Indem. Co., 655 So.2d 1264 (Fla. 4th DCA 1995).
Accordingly, the award of fees under section 57.105 is REVERSED.
GROSS, J., and GROSSMAN, MELVIN BRUCE, Associate JJ., concur.