705 So.2d 38 (1997)
Hazel Joan DAVIS, et al., Appellants,
v.
Marvene M. CHRISTMAS, deceased, Appellee.
No. 96-2303.
District Court of Appeal of Florida, Third District.
December 3, 1997.
Rehearing Denied February 25, 1998.
Michael Lechtman, North Miami Beach, for appellants.
Wolpe & Leibowitz, Jeffrey R. Creasman and Bradley H. Trushin, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
PER CURIAM.
The defendants in an automobile negligence case appeal from an order denying their motion for attorney's fees pursuant to section 57.105, Florida Statutes (1996). For the following reasons, we reverse.
Hazel and Anthony Davis, defendants below, were lawfully stopped at a "Yield" sign when their car was rear-ended by a car driven by Hector Urrutia. Marvene Christmas was a passenger in Urrutia's car. Urrutia and Christmas sued the Davises for negligence. Following discovery, the trial court entered summary judgment for the defendants. This court, per curiam, affirmed. Christmas v. Davis, 671 So.2d 795 (Fla. 3d DCA 1996). The Davises then moved for attorney's fees pursuant to section 57.105, arguing that the action filed against them was frivolous and lacked any justiciable issue of law or fact.
The trial court abused its discretion in denying the Davises' motion for attorney's fees, as the lawsuit against them was frivolous "from its inception." See Huie v. Dent & Cook, P.A., 635 So.2d 111, 112 (Fla. 2d DCA 1994). "Merely losing, either on the pleadings or by summary judgment, is not enough to invoke the operation of the statute." Carnival Leisure Indus. Ltd. v. Arviv, 655 So.2d 177, 181 (Fla. 3d DCA 1995). However, in this case the plaintiff did not merely lose on summary judgment; the lawsuit "was so clearly devoid of merit on both the facts and the law as to be completely untenable." See id. at 181. The Davises were properly stopped at the "Yield" sign when they were struck from behind. There *39 was no possible legal or factual basis on which they could be found negligent.
In Rojas v. Drake, 569 So.2d 859 (Fla. 2d DCA 1990), the court reversed an award of section 57.105 fees to defendants in an automobile negligence action. The defendants, occupants of a car that was rear-ended, had been involved in a multi-car collision. The court held that they were not entitled to attorney's fees under section 57.105, where "the nature of the accident and the number of people involved [made] it difficult for the plaintiff to know exactly who was at fault." Rojas, 569 So.2d at 860. In this case, there was no such vehicular or legal confusion and no conceivable basis to ascribe liability to the defendants.
Accordingly, we reverse the order denying fees. We remand with directions to the trial court to award defendants fees under section 57.105 to be imposed against plaintiff's counsel and to conduct an evidentiary hearing to determine the amount of fees to be assessed.
Reversed and remanded with directions.