PER CURIAM.
Layda Mazzorana, the former wife, appeals from a Final Judgment of Dissolution of Marriage; from an order awarding the husband’s parents’ attorney’s fees and costs under section 57.105, Florida Statutes (1995); from an order awarding the husband attorney’s fees and costs and denying her motion for attorney’s fees; and from an order enforcing a charging hen in favor of her former attorneys. We affirm the final judgment of dissolution of marriage. However, for the following reasons, we reverse the orders relating to fees, costs, and the charging lien.
In 1995, Ivan and Layda Mazzorana filed for dissolution of their three-year marriage. No children were born of the marriage. Both husband and wife were graduates of a medical school in the Dominican Republic. The husband is now licensed to practice medicine; the wife has not yet passed all portions of the licensing exam for foreign medical school graduates. Both are employed. The wife obtained a personal injury settlement and receives approximately $750 per month in dividends from the fund she established with that settlement, as well as an income of $300.00 to $400.00 per month summarizing medical charts. As a licensed and practicing physician, the husband earns nearly five times as much in income as the wife.
After the husband filed a petition for dissolution of marriage, the wife filed her initial counter petition. The wife conducted discovery, then obtained leave to amend her counter petition to add the husband’s parents as parties to the action and to seek equitable distribution of real property that was titled in the parents’ names. The wife alleged that the husband had used marital funds to enable his parents to purchase the property. Her allegation was based, in part, upon deposition testimony from a realtor that the original sales contract was executed with the husband as a purchaser who contributed funds towards the property, but that the husband’s mother decided that because of the pending divorce, “it would be best if they put the property in their [the parents’] names.” When the realtor was specifically asked whether she was told that the property was titled as it was “so that his wife, Ivan Jr.’s wife, would not obtain an interest in [the property],” she responded, “Yes.” Three days before the trial began in these proceedings, the realtor sought to retract her prior sworn testimony that the husband had contributed money towards the property. The realtor was redeposed one day before trial; she testified that she did not remember speaking with the husband, and only assumed that he would be contributing money.
Following trial, the court entered a final judgment of dissolution of marriage that, in relevant part, denied the wife’s claim for a special equity in the condominium that belonged to the husband’s parents. The court entered a second judgment for costs and fees, ordering the wife to pay a portion of the husband’s costs and attorney’s fees relating to his defense of her claim for a special equity in his parents’ condominium; ordering the wife to pay the costs and attorney’s fees of the husband’s parents under section 57.105; and entered a third order enforcing against the wife a charging lien for fees relating to legal work done at the beginning of the dissolution proceedings. The charging lien was imposed upon funds that the wife *1189 had received in a personal injury settlement; the court determined that those funds were not a marital asset.
The trial court abused its discretion in ordering the wife to pay her former husband’s parents’ costs and attorney’s fees pursuant to section 57.105. Although the wife ultimately did not prevail on her claim to a portion of the parents’ condominium, “[mjerely losing ... is not enough to invoke the operation of the statute.” Carnival Leisure Indus. v. Arviv, 655 So.2d 177, 181 (Fla. 3d DCA 1995). An award of section 57.105 fees is only appropriate where the claims are “frivolous or entirely devoid of even arguable substance.” Id. at 181. A fee award under section 57.105 “is not authorized unless the plaintiffs action was frivolous at its inception.” Huie v. Dent & Cook, P.A., 635 So.2d 111, 112 (Fla. 2d DCA 1994) (emphasis added). Where an initial pleading raised a potentially meritorious claim, defendants were not entitled to an award of fees under section 57.105 when subsequent discovery revealed that plaintiffs claim lacked merit. See Mitchell v. Schindler Haughton Elevator Co., 587 So.2d 636, 637 (Fla. 3d DCA 1991); see also Greater Clearwater Chamber of Commerce, Inc. v. Modern Graphic Arts, Inc., 464 So.2d 594, 594 (Fla. 2d DCA 1985) (“Events during the course of a lawsuit which reveal that the litigation is not sustainable do not necessarily convert a ease into one in which fees under section 57.105 are recoverable.”). The wife’s claim was based in large part on testimony from a deposition conducted after the husband filed his petition for dissolution of marriage; she could not anticipate that the deponent would later retract that testimony. Her counter petition — at its inception — did allege a justiciable, albeit ultimately unsuccessful claim. We likewise reverse the trial court’s award of costs and fees to the husband that arose from his defense of the wife’s claim to an interest in his parents’ condominium. The claim was not frivolous, and neither section 57.105 nor Chapter 61, Florida Statutes, entitles the husband to such an award.[1]
The wife, however, is entitled to an award of attorney’s fees pursuant to section 61.16, Florida Statutes (1995). Where the there is a large disparity in income, as in this ease, it is an abuse of discretion for the trial court to force the wife to bear the entire burden of her fees. See Sol v. Sol, 656 So.2d 206 (Fla. 3d DCA 1995). Accordingly, we reverse the order denying her motion for attorney’s fees, and remand with directions for the trial court to award the wife attorney’s fees and conduct a hearing on this matter to determine what portion of those fees the husband should bear.[2]
We reverse the order of the trial court that imposed a charging lien upon the wife’s proceeds from a personal injury action. Although her former attorneys are certainly entitled to be paid agreed-upon fees for services rendered, their charging lien can only attach to “tangible fruits of [their] service” rendered in the dissolution action. See Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A, 517 So.2d 88, 92 (Fla. 3d DCA 1987), review denied, 525 So.2d 879 (Fla.1988). In a dissolution action, a charging lien may issue only “on funds recovered for a client through the attorney’s services.” Yavitz v. Martinez, Charlip, Delgado & Befeler, 568 So.2d 103, 105 (Fla. 3d DCA 1990), review denied, 576 So.2d 295 (Fla.1991). The lien cannot simply be imposed against the ‘“assets, estate and property’ of the wife.” See id. The personal injury award was the wife’s nonmarital property; the lien against it cannot stand.
We find no merit in the remaining points on appeal.
Affirmed in part; reversed in part; remanded with directions.

. The order does not specify the statutory basis for the award of costs and fees.

. We leave it to the trial court’s discretion to determine whether the husband shall pay all, or instead a portion of the wife’s fees. On remand, in determining how much of the fees the husband will pay, the trial court shall consider the assets of each party, as well as their respective current incomes.