PER CURIAM.
William Lehman Leasing Corporation (“Lehman”) appeals an order denying attorney’s fees pursuant to § 57.105, Floridá Statutes (1999). For the following reasons, we reverse.
On August 18, 1995, Emmanuel Joseph (“Joseph”) was involved in an automobile accident with a vehicle leased by Lehman to AAA Wheelchair Wagon Service. At the time of the accident, the leased vehicle was under the authority and control of AAA Wheelchair Wagon Service.
On November 8, 1995, Joseph served a demand letter on Lehman claiming injuries as a result of the accident. Lehman responded that it was not the owner of the vehicle under § 324.021(9)(b), Florida Statutes .(1999), and included a copy of the lease agreement and certificate of liability insurance. In the response, Lehman advised Joseph that it would seek attorney’s fees in the event Joseph joined Lehman in any further litigation involving the accident. ’ Almost four years later, on August 13, 1999, Joseph instituted litigation against Lehman. Lehman then filed a motion for summary judgment and a motion for entitlement to attorney’s fees pursuant to § 57.105, Florida Statutes. On October 19, 1999, Joseph filed a notice of voluntary dismissal with prejudice. On December 27, 1999, the trial court denied Lehman’s motion for entitlement to attorney’s fees.
The trial court abused its discretion in denying Lehman’s motion for attorney fees. Because Joseph was given notice of Lehman’s exemption from liability almost four years prior to the filing of this lawsuit, this action is frivolous at the inception, and Lehman is entitled to attorney’s fees. See Davis v. Christmas, 705 So.2d 38 (Fla. 3d DCA 1997) (attorney’s fees warranted where lawsuit deemed to be frivolous because there was no possible legal or factual basis for negligence). Lehman provided Joseph with the lease agreement and a certificate of insurance and claimed exemption from liability under § 324.021. Therefore, Joseph was under notice that Lehman was in strict compliance with § 324.021. Joseph argues that § 324.021 requires that the liability insurance remain in effect through' the lease period, and since Lehman did not provide actual verification of insurance, it was still liable as an owner. However, the logical sequence of events would be for Joseph to file an action against the lessee and then propound interrogatories to discover insurance coverage. Joseph did not have a good faith belief that Lehman was financially liable for damages caused by the leased vehicle. See Galbraith v. Inglese, *616 402 So.2d 574 (Fla. 4th DCA 1981) (filing of lawsuit without good faith belief that defendant was liable warranted attorney’s fee award pursuant to § 57.105, Fla. Stat.)
For the above reasons, we reverse the order denying attorney fees. We remand with directions to the trial court to award Lehman fees under § 57.105 and to conduct an evidentiary hearing to determine the amount of fees to be assessed.
Reversed and remanded with directions.