DAUKSCH, Senior Judge.
This is an appeal from an order denying attorney’s fees sought by the plaintiff against the defendant because no viable defense to the action was raised. Because defendant drew out this matter before finally conceding that there was no viable defense, we reverse.
On March 20, 2002, plaintiff filed a complaint against defendant, claiming $55,000 as the balance owed for two art pieces. On April 9, 2002, defendant answered the complaint, denying any liability and asserting the affirmative defense of recision. On May 3, 2002, plaintiff filed an amended complaint. On July 11, 2002, defendant responded to plaintiffs first set of interrogatories by denying that there was any agreement between the parties and arguing for recision. Also on July 11, 2002, defendant filed an answer to the amended complaint, continuing to deny all liability. On August 27, 2002, defendant filed additional answers to plaintiffs first set of interrogatories and again claimed that the agreement should be rescinded. Between October 31, 2002, and August 4, 2003, court-ordered mediations were scheduled and cancelled six times, twice by defense counsel. Between October 15, 2002, and February 6, 2003, defendant’s *513 deposition was scheduled and cancelled by defense counsel two times. At his February 6, 2003, deposition, defendant continued to deny that he owed plaintiff any money. On August 18, 2003, in a Joint Pre-Trial Stipulation filed with the court, defendant finally agreed that a balance of $50,000 remained with regard to the art pieces, leaving only $5,000 in dispute.
In determining whether a party is entitled to statutory attorney’s fees under section 57.105, Florida Statutes, frivolousness is determined when the claim or defense was initially filed; if the claim or defense is not initially frivolous, the court must then determine whether the claim or defense became frivolous after the suit was filed. In so doing, the court determines if the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law.
Wendy’s of N.E. Florida, Inc., v. Vandergriff, 865 So.2d 520, 523 (Fla. 1st DCA 2003) (citations omitted). It is abundantly clear from the record before us that the trial court abused its discretion in denying plaintiffs motion for attorney’s fees because it was apparent from the outset that defendant had no viable defense. Id.; William Lehman Leasing Corp. v. Joseph, 757 So.2d 614 (Fla. 3d DCA 2000).
At oral argument in this appeal, it was made clear that both the defendant and his attorney were to blame for the improper delay and excess legal fees and costs suffered by the plaintiff; thus, each is responsible for half of the amounts involved. See Neustein v. Miami Shores Village, 837 So.2d 1054 (Fla. 3d DCA 2002).
Reversed and remanded.