943 So.2d 881 (2006)
Lietty PUBILLONES, Appellant,
v.
James LYONS, Appellee.
No. 3D05-710.
District Court of Appeal of Florida, Third District.
November 22, 2006.
Joseph C. Segor, Miami, for appellant.
Weiss & Kahn and Owen E. Kahn, Coral Gables, for appellee.
Before RAMIREZ, ROTHENBERG, and LAGOA, JJ.

ON MOTION FOR REHEARING
ROTHENBERG, Judge.
We grant the appellant's motion for rehearing, withdraw our opinion filed on *882 September 20, 2006, and substitute the following opinion in its stead. Lietty Pubillones ("the wife") appeals from a final order denying her Motion for Award of Attorney's Fees, Suit Money and Costs. As we conclude that there is competent substantial evidence in the record which supports the trial court's ruling, we find no abuse of discretion, and, therefore, affirm. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) ("In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the `reasonableness' test to determine whether the trial judge abused his discretion."); Rosenbloom v. Rosenbloom, 892 So.2d 531, 535 (Fla. 4th DCA 2005) (finding that the attorney's fee award was based upon competent substantial evidence and, therefore, the trial court did not abuse its discretion); Mazzorana v. Mazzorana, 703 So.2d 1187, 1189 (Fla. 3d DCA 1997) (applying the abuse of discretion standard regarding the award of attorney's fees in dissolution proceedings).
Despite the brevity of the marriage (the parties married on October 11, 2001, separated eleven weeks later, and James Lyons ("the husband") filed for dissolution on February 11, 2002), the parties spent two years fighting over custody and visitation of their infant child and, in the process, incurred attorney's fees and costs totaling nearly $300,000. In light of the assets and income of the parties, we agree with the trial court that the case was over-litigated. The only marital asset was the marital home which was purchased with a down payment of $120,000 made by the husband from non-marital funds. While in litigation, the husband continued to make the mortgage payments, paid the utilities, and provided both alimony and child support. When the marital home was sold, the husband, who made the initial down payment and all subsequent mortgage payments for four and one-half years, received $185,000, and the wife, who had the benefit and use of the home, received $130,000.
The award of attorney's fees and costs in family law cases is governed by section 61.16(1), Florida Statutes (2004), which makes the financial resources of the parties the primary consideration. It is true that where there is a disparity in income, it is an abuse of discretion to require the party with the smaller income to bear the entire burden of his/her attorney's fees. See Mazzorana, 703 So.2d at 1189 (holding that in making its determination regarding attorney's fees, the trial court may take into account all relevant factors including whether one spouse has voluntarily limited or failed to disclose his/her income).
In the instant case, the trial court concluded that the wife voluntarily limited her income. There is competent substantial evidence in the record to support this finding. The wife has at least one university degree; attended finishing school in Europe; and is fluent in French, Italian, German, Portuguese, Spanish, and English. She has worked in businesses owned by her parents, including her father's freight forwarding company and her mother's etiquette school. In addition to her employment in her parents' businesses, the wife also worked at the U.S. State Department in Washington, D.C., for a short period of time.
As to the parties' income, the record demonstrates that the husband, who is a pharmacist, earns approximately $100,000 per year. However, after the parties separated, he paid the mortgage and utilities, plus alimony and child support, equaling over half of his yearly net income, and that after the marital home was sold, the husband has continued to pay substantial support to the wife. In addition, the record *883 also demonstrates that after the parties separated, not only has the wife received financial assistance from family members and/or friends in the form of loans, but so has the husband. Although the wife is currently earning less than the husband, the court found that the wife was underemployed; has the potential to earn more money, but has instead chosen to work at her mother's etiquette school; and that the husband should not bear the burden of paying the wife's attorney's fees due to the wife's employment choices. Specifically, the trial court stated:
She also has, in this community I would think, occupational skills given her facility of languages. As I recall she was literate in more than two languages. Means that she certainly has the potential to make more money than what she is making now.
Now, to be sure, I'm not saying that if an individual isn't out there working 80 hours a week and making $150,000 a year is some kind of a slackard, but on the other hand you make your life style choices, sometimes you have to live with it.
Former wife wishes basically to work in her parents' business, which I think is a school of some sort for children, fine, if she wants to do it but sometimes there are burdens that go with that.
If she wants to be underemployed, then fine, but I don't see necessarily where the former husband has to be responsible for payment of her attorney's fees, so consequently I'm going to deny both motions. Each side will bear their own costs and fees.
Thus, we conclude that the trial court did not abuse its discretion in denying the wife's request for reimbursement of attorney's fees and costs as there is competent substantial evidence to support the trial court's conclusion that the wife voluntarily limited her income, and that based upon the husband's monthly payments to the wife, there existed no great disparity between the parties' incomes.
Affirmed.