552 So.2d 318 (1989)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Marguita Thompson, Appellants,
v.
Richard THOMPSON, Appellee.
No. 89-00542.
District Court of Appeal of Florida, Second District.
November 17, 1989.
Sheryl D. Snodgrass of Carlton & Carlton, P.A., Lakeland, for appellants.
Lawrence H. Liebling of Lawrence H. Liebling, P.A., and Arthur Liebling of Arthur Liebling, P.A., Clearwater, for appellee.
PATTERSON, Judge.
This is an appeal from an order assessing attorney's fees against the Department of Health and Rehabilitative Services (HRS) pursuant to section 57.105, Florida Statutes (1987). We reverse.
Richard and Marguita Thompson were divorced in Pinellas County in 1984. In *319 February 1988 Marguita began to receive public assistance payments for the parties' minor child. She then joined with HRS in a petition for support which resulted in an order dated July 7, 1988, requiring Richard to pay child support of $17.50 per week through the office of the clerk of circuit court. This order was accompanied by an income deduction order directed to Richard's employer.
Richard's employer failed to honor the income deduction order, and as of September 30, 1988, an arrearage of $297.50 had accumulated. HRS then initiated a contempt proceeding against Richard. On October 20, 1988, in response to the motion for contempt, Richard paid $232.30 to the office of the clerk, believing that to be the correct amount of the arrearage. HRS declined to withdraw its motion for contempt and the matter was heard before the court on November 30, 1988.
That proceeding resulted in an order which, in pertinent part, found an arrearage of $17.50 and otherwise denied the HRS motion. Richard then brought a motion for attorney's fees pursuant to section 57.105, Florida Statutes, asserting that the HRS contempt motion was frivolous and not prosecuted in good faith. On February 6, 1989, the trial court granted the motion and reserved the amount of the fee for determination at a future hearing. This appeal followed.
Almost all of the fees and costs Richard incurred were attributable to proceedings that followed his October 20, 1988, payment to the clerk. In this regard the equities of the matter may lie in his favor. However, the law does not. HRS had proper standing to enforce the order of July 7, 1988. Lamm v. Chapman, 413 So.2d 749 (Fla. 1982). On the date of the motion for contempt, the records of the office of the clerk showed Richard in arrears. HRS had the right to rely on those records.
The fact that the default resulted from Richard's employer's failure to honor the income deduction order is of no consequence. It is Richard and not his employer to whom the July 7, 1988, support order is directed. Although an employer's noncompliance may provide mitigating circumstances which preclude incarceration, the entry of an income deduction order does not affect the obligor's responsibility to see that court-ordered support payments are timely made. This is particularly true in the case of Richard, who must be presumed to have known that the payments were not being withheld over a substantial period of time.
Attorney's fees may only be awarded pursuant to section 57.105, Florida Statutes, when the action is so clearly devoid of merit both on the facts and the law as to be completely untenable. Brinson v. Creative Aluminum Products, Inc., 519 So.2d 59 (Fla. 2d DCA 1988). If an action is not frivolous when it is initiated, then the fact that it later becomes frivolous will not support an award of fees. Marexcelso Compania Naviera v. Fla. Nat'l Bank, 533 So.2d 805 (Fla. 4th DCA 1988).
Reversed.
HALL, A.C.J., and THREADGILL, J., concur.