635 So.2d 111 (1994)
W. Grady HUIE, Frank A. Valdini, and S. Sanford Schlitt, Appellants,
v.
DENT & COOK, P.A., f/k/a Culverhouse & Dent, P.A., Robert J. Polzak, individually, and John C. Dent, Jr., individually, Appellees.
No. 93-00487.
District Court of Appeal of Florida, Second District.
April 8, 1994.
*112 Robert E. Brazel of Smith & Fuller, P.A., Tampa, for appellants.
Robert E. Mansbach, Jr., of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellees.
ALTENBERND, Judge.
In December 1990, the plaintiffs, W. Grady Huie, Frank A. Valdini, and S. Sanford Schlitt sued the defendants, Dent & Cook, P.A., and two of its shareholders (the law firm). In August 1992, the trial court entered a summary final judgment in favor of the law firm. At that time, it decided that the action, while not frivolous at its inception, had become frivolous on March 20, 1992. As a result, it awarded attorneys' fees to the defendants from that date until the conclusion of the case. We reverse this award.
As a general rule, an award of fees against a plaintiff under section 57.105, Florida Statutes (1991), is not authorized unless the plaintiff's action was frivolous at its inception. See State, Department of Health & Rehabilitative Servs. v. Thompson, 552 So.2d 318 (Fla. 2d DCA 1989). We have recognized, in dicta, the possibility that the circumstances of a particular case might justify an exception to this general rule and permit the type of award entered by the trial court. See Wall v. Department of Transp. of State of Fla., 455 So.2d 1138 (Fla. 2d DCA 1984). In this case, however, we are not presented with such circumstances.
In December 1988, the law firm represented Victor and Marie Belote in negotiations concerning a $270,000 loan from the plaintiffs. Allegedly, the law firm provided a letter at the time of closing, representing that the Belotes had no pending or threatened actions, suits or proceedings. The letter also represented that the Belotes were not in default with respect to any order, decree, or demand of any court.
After the Belotes had defaulted, the plaintiffs allegedly discovered that they had twenty-five outstanding judgments, totalling approximately $1,500,000 at the time of the closing. As a result, the plaintiffs filed this lawsuit against the law firm, as well as a separate action on the promissory note against the Belotes. In this action, the plaintiffs alleged several claims including negligent misrepresentation and fraud.
In April 1992, the law firm filed a motion for summary judgment. Although there were several grounds argued in the motion, the most significant ground concerned recent developments in the lawsuit against the Belotes. The law firm established that the plaintiffs had obtained a judgment against the Belotes for the principal amount of the loan, plus interest, costs, and attorneys' fees. This judgment had been satisfied on March 20, 1992. The law firm maintained that this recovery not only barred any action against it, but also rendered the continuation of the action frivolous.
The trial court granted summary judgment and awarded costs in the amount of $941 and attorneys' fees in the amount of $8,060 for the law firm's litigation expenses after March 20, 1992. The plaintiffs have not appealed the summary judgment in favor of the law firm, but only the order awarding costs and attorneys' fees. We affirm the award of costs, but conclude that the award of attorneys' fees is not permissible under section 57.105, Florida Statutes (1991).
In light of Florida's strong policies favoring access to the courts, we have interpreted section 57.105 to provide a remedy only in cases in which the plaintiff's complaint is completely untenable. See Barber v. Oakhills Estates Partnership, 583 So.2d 1114 (Fla. 2d DCA 1991). Even if a portion of a lawsuit is frivolous, an award of attorneys' fees is not appropriate against a plaintiff so *113 long as the complaint alleges some justiciable issue. Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla. 1987).
This court has repeatedly suggested in dicta that a trial court might have the authority to award fees for litigation that continues after a case becomes clearly frivolous. Munsey v. General Tel. Co., 538 So.2d 1328 (Fla. 2d DCA 1989); Schatz v. Wenaas, 510 So.2d 1125 (Fla. 2d DCA 1987); Greater Clearwater Chamber of Commerce v. Modern Graphic Arts, 464 So.2d 594 (Fla. 2d DCA 1985); Wall, Keen v. Bernardo, 452 So.2d 1133 (Fla. 2d DCA 1984). Nevertheless, our holdings uniformly determine the right to fees based on the circumstances at the inception of the lawsuit. See Thompson, 552 So.2d 318; Solimando v. Aloha Medical Ctr., 594 So.2d 850 (Fla. 2d DCA 1992). These holdings are consistent with those announced in the other districts. Lambert v. Nelson, 573 So.2d 54 (Fla. 1st DCA 1990); Marexcelso Compania Naviera, S.A. v. Florida Nat'l Bank, 533 So.2d 805 (Fla. 4th DCA 1988), review denied, 544 So.2d 200 (Fla. 1989); Schwartz v. W-K Partners, 530 So.2d 456 (Fla. 5th DCA 1988).
Our proposal that fees might occasionally be appropriate for the frivolous continuation of a lawsuit has some support, at least by way of analogy. Both the commencement and the continuance of a civil action without probable cause may be sufficient to establish a cause of action for malicious prosecution. See Burns v. GCC Beverages, Inc., 502 So.2d 1217 (Fla. 1986). Attorneys' fees incurred during the continuation of such an underlying action are recoverable as damages in the action for malicious prosecution. See Fla. Std.Jury Instr. (Civ.) 5.2(c). Although malicious prosecution actions are usually resolved by juries, judges have the authority to resolve such claims when the facts are not in dispute. Thus, it seems logical that rare circumstances may exist when a trial court could determine, as a matter of law, that fees would be justified under section 57.105 for the continuance of a lawsuit after the lawsuit had become frivolous. Accordingly, we do not abandon the dicta of our earlier cases, but we caution that it is dicta, and we have yet to affirm an award of attorneys' fees on this basis.
In this case, the trial court decided that the satisfaction of the judgment against the Belotes on the claims based in contract eliminated all of the damages the plaintiffs were entitled to recover against the law firm. It is true that a fraud claim may not be pursued if its damages merely duplicate the damages recoverable for breach of a related contract. See John Brown Automation, Inc. v. Nobles, 537 So.2d 614 (Fla. 2d DCA 1988), review denied, 547 So.2d 1210 (Fla. 1989); National Aircraft Services v. Aeroserv Int'l, Inc., 544 So.2d 1063 (Fla. 3d DCA 1989). However, the damages available for breach of a contract do not always duplicate all of the damages available in an action for fraud. See Ashland Oil, Inc. v. Pickard, 269 So.2d 714 (Fla. 3d DCA 1972), cert. denied, 285 So.2d 18 (Fla. 1973).
The plaintiffs presented arguments at summary judgment that were not frivolous. They admitted that most of their damages duplicated the award in contract, but argued that certain costs and losses resulting from differences in interest rates were recoverable in fraud, even though they were not recoverable in contract. The plaintiffs did not prevail, but they made their arguments in good faith. In other words, they presented a justiciable issue of law. "Merely losing, either on the pleading or by summary judgment, is not enough to invoke the operation of the statute." Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501, 506 (Fla. 1982), disapproved on other grounds, Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).
While recognizing that our earlier suggestions may have tempted the trial judge to make this ruling, we, nevertheless, reverse the award of attorneys' fees.
Reversed in part, affirmed in part.
PATTERSON, J., concurs.
HALL, A.C.J., concurs specially.
HALL, Acting Chief Judge, concurring.
I recognize that in the instant case, the majority is correct in determining that the *114 plaintiffs argued a justiciable issue of law at the summary judgment hearing, and therefore, the continuation of the case was not clearly frivolous. I do not agree, however, that previous statements by this court suggesting that a trial court has the authority to award fees for litigation that continues after a case becomes frivolous are purely dicta.
I think that the future trend in the law should be to allow assessment of attorneys' fees against a plaintiff after the point at which the suit becomes frivolous, even though the suit may not have been frivolous at inception. Any plaintiff who continues to pursue a frivolous lawsuit, well knowing his actions are frivolous and that he is thereby causing the other party to incur additional fees, should be subject to a judgment for fees as a penalty. I believe that the legislature intended to provide the court with such authority under section 57.105, Florida Statutes (1991).