OPINION
 

 Per Curiam:
 

 FACTS
 

 Appellant Tyrone Duff (“Tyrone”) observed “inappropriate”
 
 *1307
 
 sexual behavior in his two minor children. Tyrone had the boys evaluated by Dr. Peterson who determined that they had been sexually molested. Dr. Peterson then notified the Washoe County Department of Social Services and that department called the police. During this time and for the preceding year, Tyrone’s ex-wife, respondent Yolanda Foster (“Yolanda”), had primary physical custody of the boys. On the belief that Yolanda’s husband, William Foster (“William”), may have molested the boys, Tyrone moved for a protective order for the children and for a change of custody. On November 15, 1990, the district court temporarily granted Tyrone’s requests.
 

 The district court held hearings on the matter on December 21, 1990, January 30, 1991, and February 4, 1991. During these hearings both parties were represented by counsel. Subsequently, a Master’s Report and Recommendation was presented to the district court by Scott T. Jordan, who was then Court Master.
 
 [1]
 
 The reasoning behind the Master’s Report and Recommendation was as follows:
 

 Based on the testimony and evidence presented, I am satisfied that [the children] have been the victims of sexual molest [sic]. . . .
 

 . . . Mr. Foster has an extensive criminal record. His five felony convictions include attempted homicide, aggravated assault, battery causing substantial bodily harm, and drug charges. Mr. Foster has also been charged with sexual offenses in the past, but the charges were not pursued.
 

 While there is minimal direct evidence that Mr. Foster molested the Duff children, there is no evidence which is inconsistent with such a conclusion. . . . Clearly, there is insufficient evidence to conclusively prove that Mr. Foster is the perpetrator. However, considering all the evidence presented, he is still the most likely suspect. This conclusion is supported by Detective Overton’s testimony that Mr. and Mrs. Duff have cooperated fully with his investigation, which [sic] Mr. and Mrs. Foster have been uncooperative.
 

 On February 22, 1991, the district judge, based on Master Jordan’s recommendation, extended the November 15 protective order.
 

 From July 5 to July 8, 1993, the district court held a trial involving a consolidated hearing on Tyrone’s motion to change custody and/or whether the protective order should be extended.
 
 *1308
 
 During the course of this three-day trial, Tyrone represented himself.
 

 Upon conclusion of the trial, the court determined that “Mr. Duff has failed to meet his evidentiary burden in proving by a preponderance of the evidence that the allegations of sexual abuses and/or that the best interest of the children would be served by his retaining custody.” The court then gave Yolanda full custody of both children, suspended Tyrone’s visitation rights, and limited Tyrone’s communication with the children.
 

 The court apparently based its custody findings on the sound economic status and the good mental health of Yolanda. The court concluded that Tyrone was not financially secure and had some psychological disorders. The court also concluded that the charges of sexual assault against William were unfounded because (1) William was incarcerated for an extended period of time and therefore had very limited contact with the children; and (2) there was no evidence that William ever perpetrated any child abuse or that he fit the profile of a pedophile.
 

 Subsequently, Yolanda moved to receive attorney’s fees and to be indemnified for expenses paid to Dr. Richard Lewis, the court-appointed psychologist. On September 10, 1993, the district court awarded Yolanda $23,325.00 in attorney’s fees and ordered that Tyrone indemnify Yolanda for all the fees she paid to Dr. Lewis.
 

 Although the court did not specifically refer to a statute or state upon which facts it based its award of attorney’s fees and its indemnification of Yolanda, the court stated that it generally relied upon Yolanda’s motion, Tyrone’s opposition, and the entire record before it.
 

 It should be noted that the facts above are only a small part of the litigation that has occurred between these two parties since their divorce in 1988. However, the issues considered on this appeal are limited to Yolanda’s successful defense of Tyrone’s charges of sexual molestation and her subsequent award of attorney’s fees.
 

 DISCUSSION
 

 The decision of the district court to award attorney’s fees was in error because there is no statutory basis upon which such an award could have been made. The only statute considered by the district court that could have served as a possible basis for the award is NRS 18.010(2)(b). This statute permits a district court to award attorney’s fees to a prevailing party “when the court finds that the claim ... of the opposing party
 
 was brought
 
 without reasonable ground or to harass the prevailing party.” (Emphasis added.)
 

 
 *1309
 
 The district court determined that Tyrone Duff
 

 made allegations of sexual misconduct against William and Yolanda Foster that was
 
 not supported at the time made nor at any time thereafter
 
 ....
 

 . . . Mr. Duff has deliberately attempted to impair Mrs. Foster’s relationship with the children by speaking derogatorily about Mr. & Mrs. Foster in front of the children and before third parties; that such conduct was in direct contravention of express Court Orders; that such included ‘brainwashing’ [one child] into believing allegations of sexual misconduct/abuse by Mr. & Mrs. Foster which
 
 Mr. Duff had reason to believe were false
 
 ....
 

 (Emphasis added.) The court apparently based these conclusions on its finding that as early as 1990 the Duff boys had reported to Dr. Peterson that they were sexually assaulted by an older cousin and that Tyrone and his current wife, Linda Duff, were informed of the alleged abuse by the cousin.
 

 Although Tyrone did not succeed on the merits of his claim at trial, there is evidence that he had reasonable ground upon which to initiate such a claim. “If an action is not frivolous when it is initiated, then the fact that it later becomes frivolous will not support an award of fees.” State of Florida, Dep’t of Health and Rehabilitative Services v. Thompson, 552 So. 2d 318, 319 (Fla. Ct. App. 1989) (citation omitted).
 

 First, Tyrone did not file for a protective order or for custody until he observed sexual behavior in his children and had them evaluated by Dr. Peterson. Second, the Washoe County Department of Social Services identified William as the suspected perpetrator. Third, after Tyrone filed his motions and initiated this suit, the Master’s Report and Recommendation, based on three days of hearings, found that William was the most likely suspect.
 

 Lastly, there is no support in the record for the district court’s finding that Mr. Duff knew his claim was false based on his knowledge of sexual abuse by a cousin. In fact, this is directly contradicted by the Master’s Report and Recommendation where Master Jordan stated, “The boys admitted to the sexual play reported by the Duffs, and [one child] told Dr. Peterson that Respondents [Mr. and Mrs. Foster] had molested him. The boys also reported fear of Respondent William Foster.” Tyrone claims that the information regarding molestation by an older cousin as reported to Dr. Peterson was concealed in a confidential report that was not disclosed until the July trial. This was more than two years after Tyrone initiated this action. However, there is no indication in the record on appeal that at any time before trial,
 
 *1310
 
 Tyrone had actual knowledge that the boys were molested by an older cousin. This court simply cannot imply facts to sustain an award of attorney’s fees.
 
 See
 
 Trident Construction v. West Electric, 105 Nev. 423, 429, 776 P.2d 1239, 1243 (1989) (citing Pease v. Taylor, 86 Nev. 195, 467 P.2d 109 (1970)).
 

 For the reasons enumerated above, Tyrone had reasonable ground upon which to bring this action. Thus, the award of attorney’s fees pursuant to NRS 18.010(2)(b) was erroneous.
 

 Had there been a statutory basis to award attorney’s fees, it should be noted that the motion for attorney’s fees was substandard. Yolanda’s motion for attorney’s fees was based in part on hearings held March 12 and March 24, 1993. These were completely separate hearings considering a different claim for which Yolanda had already been awarded attorney’s fees and costs. In addition, Yolanda’s attorney supplied no itemized breakdown of services rendered and simply claimed $23,325.00 in fees.
 

 Lastly, the authority considered by the district court provided no basis upon which to order Tyrone to indemnify Yolanda for her share of expenses paid to Dr. Lewis.
 

 Accordingly, the judgment awarding attorney’s fees and indemnifying Yolanda is reversed.
 

 [1]
 

 Scott T. Jordan, almost two years later, became the district judge who awarded attorney’s fees and costs in this case.