PATTERSON, Judge.
Independence Bank of New Jersey (the Bank) appeals from an order awarding James Penning attorney’s fees pursuant to section 57.105, Florida Statutes (1991). We reverse since the complaint was not frivolous at its inception.
The Bank sued Penning in a three-count complaint,- asserting it was the assignee of an equipment lease under which Penning was in default. Count one sought replevin, count two sought $44,759.15 in money damages representing the remaining balance under the lease, and count three alleged breach of guaranty. Attached to the complaint is an exhibit which purports to be a copy of an equipment lease between Penning and WLC Leasing Corp. The complaint asserts that the assignment of the lease from WLC to the Bank has been lost or misplaced.
Penning answered and, by way of affirmative defenses, alleged that he had leased the equipment from Industrial Leasing Corp. (Industrial), not WLC, and was current in his payments to that company. The Bank replied and asserted that it had paid ITEX Corp., the manufacturer of the equipment, $42,500 on behalf of WLC and that the dis *778 tributor for ITEX had fraudulently double financed the equipment through Industrial. At this juncture, the pleadings, though lacking additional necessary parties, set forth a justiciable controversy.
Industrial then moved to intervene to assert its property rights to the equipment. The motion was granted. To its pleadings, Industrial attached a copy of a fully-executed lease between itself and Penning and a copy of a properly-recorded U.C.C. Financing Statement.
At this point, the Bank, recognizing that it had been hoodwinked out of $42,500 and was without recourse in this lawsuit, threw in the towel and took a voluntary dismissal. Penning then moved for an award of attorney’s fees pursuant to section 57.105, Florida Statutes (1991). The trial court granted the motion, finding that the Bank had failed to assert a justiciable issue of either law or fact. On rehearing, for the first time, the Bank produced a copy of a cheeking account record of ITEX reflecting a deposit of $42,500, a copy of an unexecuted U.C.C. Financing Statement, and a copy of a demand letter from the Bank to Penning reflecting that the Bank had received eight payments on the equipment lease.
No matter how ineptly this entire transaction was handled by the Bank, it cannot be said that this case was frivolous at its inception. See Huie v. Dent & Cook, P.A., 635 So.2d 111 (Fla. 2d DCA1994). Although it is doubtful that the Bank could have ultimately prevailed, it did have some weak documentation-to support its position. It was the intervention of Industrial with a superior claim that rendered the Bank’s position untenable. Under these facts, we determine it was error to award fees under section 57.105 and, accordingly, we reverse the judgment of the trial court.
Reversed.
FRANK, C.J., and QUINCE, J., concur.