An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID HODGMAN; THOMAS MUZIANI; MIKE PETRUSHKIN; NORA CHISANO; RICK KOLB; WILLIAM O'LEARY; GREG ROSANO; JOHN HUBLER; TED CURRETON; DIANA CURETON; JOE WOLFE; R.W. JOHNSON; KEN D. ECKHAUS; DIANE C. ECKHAUS; AND RANDOLPH PETERSON, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF LAS VEGAS MOTORCOACH RESORT OWNERS ASSOCIATION,
Appellants,
vs.
LAS VEGAS MOTORCOACH PARTNERS, LLC, A NEVADA LIMITED LIABILITY COMPANY; DAVID L. WILLIAMS, AN INDIVIDUAL; WILLIAM BERGER, AN INDIVIDUAL; AL GRIEFER, AN INDIVIDUAL; RODGER GREY, AN INDIVIDUAL; RONALD BERNSTEIN, AN INDIVIDUAL; AND LAS VEGAS MOTORCOACH RESORT OWNERS ASSOCIATION,
Respondents.

No. 57379

FILED

MAR 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REVERSING IN PART

This is an appeal from a district court post-judgment order awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Kathy A. Hardcastle, Judge.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07876

Appellants brought suit in district court against their homeowners' association, the association's board of directors (collectively, the Association), and Las Vegas Motorcoach Partners (Partners), an entity that extended a loan to the Association. Both groups of respondents moved to dismiss on the ground that appellants' lawsuit was subject to mandatory arbitration and that the district court was therefore the inappropriate forum to resolve the parties' dispute. See NRS 38.310(1) ("No civil action based upon a claim relating to . . . [t]he interpretation, application or enforcement of any . . . bylaws, rules or regulations adopted by an association . . . may be commenced in any court in this State unless the action has been submitted to mediation or arbitration . . . .").

The district court agreed and granted respondents' motions. Thereafter, respondents requested attorney fees and costs, and the district court awarded both. On appeal, appellants contend that these awards were improper.[1] We address each award in turn.

Appellants had a reasonable basis for believing that district court was the proper forum to resolve their dispute

The district court awarded attorney fees to respondents under NRS 18.010(2)(b), which permits such an award "when the court finds that the claim . . . was brought or maintained without reasonable ground or to harass the prevailing party." On appeal, appellants contend that the district court abused its discretion in basing the awards of attorney fees on this conclusion. See Semenza v. Caughlin Crafted Homes, 111 Nev. 1089,

---

[1]Because appellants did not appeal from the order of dismissal, we do not address the propriety of that order.

1095, 901 P.2d 684, 687 (1995) (reviewing a district court's award of attorney fees under NRS 18.010(2)(b) for an abuse of discretion).

We agree. "Although a district court has discretion to award attorney fees under NRS 18.010(2)(b), there must be evidence supporting the district court's finding that the claim or defense was unreasonable or brought to harass." Bower v. Harrah's Laughlin, 125 Nev. 470, 493, 215 P.3d 709, 726 (2009). Here, the district court's order failed to identify any evidence that supported its finding, and our independent review of the record reveals no evidence that could do so.

To the contrary, the record demonstrates that appellants reasonably believed NRS 38.310 was inapplicable. As they explained when opposing respondents' motions to dismiss, appellants believed that their three causes of action could be established under principles of common law and without resort to the Association's bylaws, rules, or regulations. Namely, appellants' cause of action for declaratory relief sought to void the Association's loan agreement with Partners on the ground that it was unconscionable. Cf. Pacificare of Nevada v. Rogers, 127 Nev. ___, ___, 266 P.3d 596, 598 (2011) (indicating that the doctrine of unconscionability derives from principles of common law). Likewise, appellants sought to establish their breach-of-fiduciary-duty cause of action against the Association's president by showing that he had engaged in self-dealing, thereby breaching his duty of loyalty. Cf. Shoen v. SAC Holding Corp., 122 Nev. 621, 632, 137 P.3d 1171, 1178 (2006) ("[T]he duty of loyalty requires the board and its directors to maintain, in good faith, the corporation's and its shareholders' best interests over anyone else's interests."). Finally, appellants sought to establish their breach-of-fiduciary-duty cause of action against the Association's directors by

showing that some directors approved the loan agreement without knowing what the loan's material terms were, thereby breaching their duty of care.[2] Cf. id. ("[T]he duty of care consists of an obligation to act on an informed basis . . . .").

In our only published opinion discussing NRS 38.310's scope, we generally held that "[i]f parties dispute the interpretation and enforcement of CC&Rs [or governing documents], they must first submit to mediation or arbitration." Hamm v. Arrowcreek Homeowners' Ass'n, 124 Nev. 290, 301, 183 P.3d 895, 904 (2008). As explained above, the causes of action in appellants' complaint arguably do not implicate the Association's governing documents. While respondents may have been able to point to various bylaws, rules, or regulations in defending against appellants' claims, nothing in NRS 38.310 or Hamm necessarily should have alerted appellants of the need to anticipate respondents' theories of defense when deciding whether to file their complaint in district court.

Thus, although we need not decide whether appellants' complaint was subject to NRS 38.310's arbitration requirement, appellants at least had a reasonable basis for believing that the district court was the appropriate forum to resolve their dispute with respondents. Cf. Bobby Berosini, Ltd. v. PETA, 114 Nev. 1348, 1354-55, 971 P.2d 383, 387 (1998) (reversing an award of attorney fees under NRS 18.010(2)(b)

---

[2]We recognize that the exact basis for appellants' cause of action against the directors is less than clear and that certain allegations may implicate the Association's governing documents. Nonetheless, to the extent that the district court inferred an improper motive on appellants' part based solely on ambiguities in their pleadings, the district court abused its discretion.

when "the status of Nevada law was unclear" regarding the viability of the plaintiff's complaint). Consequently, the district court abused its discretion in awarding attorney fees under NRS 18.010(2)(b), see Semenza, 111 Nev. at 1095, 901 P.2d at 687, and we reverse these awards.[3]

## The district court impliedly granted additional time for respondents to file and serve their memoranda of costs

Appellants contend that respondents failed to file and serve their memoranda of costs within five days of when the district court entered its dismissal order. See NRS 18.110(1) (stating that a party who requests costs "must file with the clerk, and serve a copy upon the adverse party, within 5 days after the entry of judgment, or such further time as the court or judge may grant, a memorandum of the items of the costs in the action or proceeding" (emphasis added)). Appellants acknowledge, however, that NRS 18.110(1)'s five-day requirement is not jurisdictional, and we have previously held that when the district court proceeds to award costs after the five-day window has elapsed, it has impliedly granted additional time. Eberle v. State ex rel. Redfield Trust, 108 Nev.

---

[3]Contrary to the Association's contention, its award of attorney fees cannot be affirmed by treating the award as a sanction imposed under NRCP 11. For the district court to impose sanctions on its own initiative under NRCP 11(c), it would have needed to "enter an order describing the specific conduct" that it believed was sanction-worthy and afford appellants an opportunity to establish otherwise. NRCP 11(c)(1)(B). Nothing in the record suggests that the district court did this.

587, 590, 836 P.2d 67, 69 (1992). Consequently, respondents' requests for costs were timely and are therefore affirmed.[4]

Consistent with the foregoing, we ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Hon. Kathy A. Hardcastle, District Judge
Robert F. Saint-Aubin, Settlement Judge
Adams Law Group
Leach Johnson Song & Gruchow
Carbajal & McNutt, LLP
Eighth District Court Clerk

---

[4]Appellants contend that the district court failed to rule on their motion to retax costs. Because their motion was pending when the district court granted respondents' requests for costs, appellants' motion was impliedly denied. Bd. of Gallery of History v. Datecs Corp., 116 Nev. 286, 289, 994 P.2d 1149, 1150 (2000) (noting that the district court's failure to rule on a request constitutes a denial of the request).