**133 Nev., Advance Opinion 54**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PETER GARDNER; AND CHRISTIAN GARDNER, ON BEHALF OF MINOR CHILD, L.G.,
Appellants,
vs.
HENDERSON WATER PARK, LLC, D/B/A COWABUNGA BAY WATER PARK, A NEVADA LIMITED LIABILITY COMPANY; WEST COAST WATER PARKS, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND DOUBLE OTT WATER HOLDINGS, LLC, A UTAH LIMITED LIABILITY COMPANY,
Respondents.

No. 71652



FILED

AUG 03 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in a tort action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

*Affirmed.*

Campbell & Williams and Donald J. Campbell, Philip R. Erwin, and Samuel R. Mirkovich, Las Vegas,
for Appellants.

Thorndal, Armstrong, Delk, Balkenbush & Eisinger and Paul F. Eisinger and Alexandra B. McLeod, Las Vegas,
for Respondents.

BEFORE DOUGLAS, GIBBONS and PICKERING, JJ.

## OPINION

By the Court, GIBBONS, J.:

In this appeal, we are asked to consider to what extent a member of a limited liability company (LLC) is protected in a negligence-based tort action against the LLC. In doing so, we conclude that, pursuant to NRS 86.371 and NRS 86.381, a member cannot be personally responsible for the LLC's liabilities solely by virtue of being a member. Based on the facts of this case, we further conclude that the district court properly dismissed the members as defendants and, therefore, we affirm the district court's order granting summary judgment.

### FACTS AND PROCEDURAL HISTORY

After their son, L.G., suffered severe injuries in a near-drowning in the wave pool at Cowabunga Bay, appellants Peter and Christian Gardner brought suit against Henderson Water Park, LLC, which does business as Cowabunga Bay Water Park (the Water Park), and its two managing members, West Coast Water Parks, LLC, and Double Ott Water Holdings, LLC (the member-LLCs). Among other allegations, the Gardners alleged that the negligence of the Water Park and member-LLCs contributed to L.G.'s injuries because of the Water Park's inadequate staffing of lifeguards.

The member-LLCs eventually moved for summary judgment, which the district court granted. Specifically, the district court dismissed the member-LLCs as improper parties pursuant to NRS 86.381. The district court certified its order as final under NRCP 54(b), and the Gardners appealed.

 

## DISCUSSION

The Gardners challenge the district court's grant of summary judgment, which we review de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (holding that summary judgment should be granted "when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law" (alteration in original) (internal quotation marks omitted)). Specifically, the Gardners argue the district court erred in concluding that NRS 86.371 and NRS 86.381 shield the member-LLCs from suit because the Gardners seek to pursue a direct claim against the member-LLCs for the member-LLCs' own tortious conduct in negligently operating the Water Park. We disagree and conclude that summary judgment was appropriate.

Members of an LLC enjoy the benefit of limited liability, which refers to the fact that a member is not personally responsible for the LLC's liabilities solely by virtue of being a member. *See* 1 Larry E. Ribstein & Robert R. Keatinge, *Ribstein and Keatinge on Limited Liability Companies* § 1.5 (2016). With respect to a member's liability to third parties, NRS 86.371 provides that, "[u]nless otherwise provided in the articles of organization or an agreement signed by the member or manager to be charged, no member or manager of any limited-liability company formed under the laws of this State is individually liable for the debts or liabilities of the company." In addition, NRS 86.381 provides that "[a] member of a limited-liability company is not a proper party to proceedings by or against the company, except where the object is to enforce the member's right against or liability to the company." Accordingly, pursuant to NRS 86.371 and NRS 86.381, a member is not individually liable in a negligence-based tort action against the LLC solely by virtue of being a member.

Supreme Court
OF
Nevada

(O) 1947A

3

While NRS 86.371 and NRS 86.381 do not shield members from liability for personal negligence, the Gardners failed to allege that the member-LLCs were personally negligent. *Cf. Semenza v. Caughlin Crafted Homes*, 111 Nev. 1089, 1098, 901 P.2d 684, 689 (1995) ("An officer of a corporation may be individually liable for any tort which he commits . . . ."). The Gardners argue they are seeking to assert independent claims and impose direct liability based on the member-LLCs' tortious conduct, and that the claims could be asserted against the member-LLCs even if the Water Park was not a party to the underlying action. However, the Gardners do not allege any conduct by the member-LLCs that is separate and apart from the challenged conduct of the Water Park—i.e., the Gardners do not specify how any individual act or omission by the member-LLCs contributed to L.G.'s injuries. *See Cortez v. Nacco Material Handling Grp., Inc.*, 337 P.3d 111, 119 (Or. 2014) (indicating that a member "remains responsible for his or her acts or omissions to the extent those acts or omissions would be actionable against the member . . . if that person were acting in an individual capacity"); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1030-31 (noting that under NRCP 56, to withstand summary judgment, "the non-moving party may not rest upon general allegations and conclusions, but must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine factual issue" (quotation marks omitted)). Indeed, the Gardners do not claim the member-LLCs breached a personal duty owed to L.G.; rather, the Gardners simply allege the member-LLCs breached certain duties that only arise based on the member-LLCs' roles as members. *See Petch v. Humble*, 939 So. 2d 499, 504 (La. Ct. App. 2006) (interpreting similar limited liability statutes, and holding that personal liability for negligence

will not stand when the plaintiff fails to allege that the member's acts "are either done outside one's capacity as a member . . . or which while done in one's capacity as a member . . . also violate some personal duty owed by the individual to the injured party"). Thus, the Gardners impermissibly seek to hold the member-LLCs liable for the alleged negligence of the Water Park solely by virtue of the member-LLCs being managing members of the Water Park.

### CONCLUSION

Because NRS 86.371 provides that the member-LLCs are not liable solely by virtue of being managing members, and NRS 86.381 provides that the member-LLCs are not proper parties in this action against the Water Park, we conclude that the district court did not err in dismissing the member-LLCs as improper defendants as a matter of law. Accordingly, we affirm the district court's order granting summary judgment.



_____, J.
Gibbons

We concur:

_____, J.
Douglas

_____, J.
Pickering

