IN THE SUPREME COURT OF THE STATE OF NEVADA

|  |  |
|---|---|
| MICHAEL KENNETH PERRY, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>KLCC HOLDINGS 1 LIMITED, A CYPRIOT CORPORATION,<br>Respondent. | No. 81590 |

FILED

JUL 0 1 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal following the lower court's grant of summary judgment for respondent, KLCC Holdings 1 Limited, a Cypriot Corporation ("KLCC"), and denial of appellant, Michael Kenneth Perry's ("Perry"), cross-motion for summary judgment. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

KLCC filed suit in Cyprus regarding an unpaid debt and obtained a judgment against Perry, personally.[1] KLCC subsequently filed suit in Nevada seeking recognition and enforcement of the Cypriot Judgment. Perry filed a motion to dismiss, which was denied. The district court then granted KLCC's motion for summary judgment and denied Perry's countermotion for summary judgment.

*Motion to dismiss*

Perry argues that, according to NRS 17.750(1), the plaintiff bears the burden of alleging that the Nevada Uniform Foreign-Country Money Judgments Recognition Act, NRS 17.700 to 17.820, inclusive (the "Act"), applies. He further asserts that as part of that burden, KLCC was necessarily required to allege facts and circumstances sufficient to overcome

---

[1]We do not recount the facts except as necessary to our disposition.

barriers to recognition outlined in NRS 17.760, and that because KLCC failed to do so, the district court erred in denying Perry's motion to dismiss.

It is true that a party seeking recognition of a foreign-country judgment has the initial burden of establishing that the Act applies. NRS 17.750(1). This burden is met when the plaintiff establishes that the foreign-country judgment "[g]rants or denies recovery of a sum of money; and . . . [u]nder the law of the foreign country where rendered, is final, conclusive and enforceable." NRS 17.740(1); *see also* NRS 17.750(1). Once the plaintiff establishes that the foreign-country judgment grants or denies recovery of a sum of money and is final, conclusive, and enforceable under the law of the foreign country where rendered, "[a] party resisting recognition of a foreign-country judgment has the burden of establishing that a ground for nonrecognition . . . exists." NRS 17.750(4). We hold that KLCC adequately pleaded the requirements outlined in NRS 17.740(1), and thus the burden shifted to Perry to prove a ground for nonrecognition under the Act.[2] NRS 17.750(4).

The district court did not err in concluding that Perry failed to meet his burden. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (providing that dismissal should only be granted if it appears beyond a doubt that the plaintiff could prove no set of facts, which, if true, would entitle it to relief). Perry attempts to circumvent his burden by submitting an affidavit and arguing that because the affidavit contradicts the complaint's allegations, KLCC had to make a prima facie

---

[2]Perry also argues that KLCC had a burden to establish that personal jurisdiction existed pursuant to NRS 17.760(1) and (2) in order to avert dismissal, but failed to satisfy this burden. However, it is Perry's burden to establish a basis for nonrecognition, whether based upon lack of personal jurisdiction or otherwise; not KLCC's. NRS 17.750(4).

showing that personal jurisdiction existed. First, Perry relies heavily on *Kaupthing ehf. v. Bricklayers & Trowel Trades Int'l Pension Fund Liquidation Portfolio*, 291 F.Supp.3d 21 (D.D.C. 2017), to support the contention that KLCC needed to make a prima facie showing that personal jurisdiction existed. *Kaupthing* is unpersuasive here because it only discusses enforcement of default judgments. While it appears that Perry would like for this court to consider the Cypriot case to have been a pure default judgment, it was not. Perry was afforded ample chance to address the substantive allegations against him in Cyprus. Further, *Kaupthing* also fails to discuss the important differences in law from state to state when it comes to different manifestations of the Uniform Foreign-Country Money Judgments Act. Thus, we hold that *Kaupthing* cannot be used as guidance in this case. Moreover, even if *Kaupthing* were persuasive, the affidavit Perry presented did not contradict any part of the complaint.

Furthermore, NRS 17.760(2) provides broad flexibility to the district court to grant recognition to a foreign-country judgment, even if none of the circumstances described in NRS 17.760(1) are present. In this case, Perry did appear in the underlying proceedings in Cyprus to challenge personal jurisdiction, and lost. He then refused to participate in any subsequent proceedings, despite being given notice that such proceedings were moving forward. "If the judgment debtor challenged the foreign court's jurisdiction in the foreign proceedings, the judgment debtor will be bound by that court's determinations with respect to jurisdiction under foreign law, even if the judgment debtor took no steps to defend the case on the merits." Restatement (Fourth) of Foreign Relations § 483, Reporter's Note 8 (Am. Law. Inst. 2018). We find the approach offered by the Fourth

Restatement of Foreign Relations to be persuasive in this case, and thus hold that personal jurisdiction in Cyprus was proper.

*Summary judgment*

Perry alleges that the district court further erred in granting summary judgment for KLCC because he had raised material questions of fact pertaining to five different bases of nonrecognition. Perry alleges that none of these were competently or cogently addressed by KLCC or the district court. We disagree. We review the district court's decision de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Regarding personal jurisdiction, Perry alleges no facts to dispute that he challenged personal jurisdiction in Cyprus and lost, and is thus bound by the foreign court's determination. *See* Restatement (Fourth) of Foreign Relations § 483, Reporter's Note 8 (Am. Law. Inst. 2018). Thus, he raises no valid genuine issue of material fact regarding personal jurisdiction.

Perry's argument that KLCC's claim is actually a breach of contract claim, and thus Cyprus did not have proper subject matter jurisdiction, has no merit. Perry, individually, had no contract with KLCC, nor did KLCC ever allege in its complaint that the nature of the Cypriot claim was "fraud in the performance."

Perry's allegation that the Ukrainian judgments were in conflict with the Cypriot Judgment, rendering the Cypriot judgment unenforceable, is a mischaracterization because the Ukrainian judgments did not adjudicate any claims against Perry personally. Thus, Perry's argument on this point has no merit and does not constitute a genuine issue of material fact. Moreover, we also disagree with Perry's assertion that the Cypriot Court treated Perry and Kozinksaya River, Ltd. (KRL), of which Perry was a partial owner, as one and the same, such that the treatment

was repugnant to the tenets of American law. "If American law recognizes generally parallel causes of action, the foreign cause of action cannot be said to be repugnant to American public policy." *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1005 (9th Cir. 2013). The idea that a corporate officer may be held personally liable for his tortious actions is not repugnant to either the tenets of American or Nevada law. "An officer of a corporation may be individually liable for any tort which he commits." *Semenza v. Caughlin Crafted Homes*, 111 Nev. 1089, 1098, 901 P.2d 684, 689 (1995).

Lastly, we disagree with Perry's assertion that Cyprus was a "seriously unreasonable" or inconvenient forum pursuant to NRS 17.750(3)(f). "[A] discretionary basis for nonrecognition of a foreign court judgment . . . should generally not be invoked unless [the state in which the enforcement action is filed] in an analogous situation would have dismissed the case under its own forum non conveniens doctrine." *Wimmer Canada, Inc. v. Abele Tractor & Equip. Co.*, 299 A.D.2d 47, 52 (N.Y. App. Div. 2002) (internal quotations omitted). KRL was a Cypriot company and Perry engaged in business in Cyprus through KRL, including with KLCC, a Cypriot company, in order to form a contract between KRL and KLCC, governed by Cypriot law. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 131 Nev. 296, 300–01, 350 P.3d 392, 396 (2015) (providing that in determining forum non conveniens, the court must consider the deference owed to the plaintiff's forum choice and "whether an adequate alternative forum exists" (internal quotations omitted)). Thus, the factors did not weigh strongly in favor of another forum. *See id.* at 301, 350 P.3d at 396 ("Dismissal for forum non conveniens is appropriate only in exceptional circumstances when the factors weigh strongly in favor of another forum." (internal quotations omitted)). Accordingly, the district court did not err in

concluding there were no genuine issues of material fact and granting summary judgment to KLCC. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon


cc:    Hon. Scott N. Freeman, District Judge
       Lansford W. Levitt, Settlement Judge
       Lex Domus Law
       Snell & Wilmer, LLP/Las Vegas
       Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A